## COMMONWEALTH vs. RICHARD H. CUMMING.

Worcester. March 5, 2013. - September 27, 2013.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Constitutional Law,* Double jeopardy, Sentence, Parole. *Due Process of Law,* Sentence, Parole. *Practice, Criminal,* Double jeopardy, Sentence, Parole. *Parole.*

This court concluded that a Superior Court judge's restructuring of the criminal defendant's sentences, following the judge's allowance of the defendant's motion pursuant to Mass. R. Crim. P. 30 (a) to correct his sentences by vacating an unlawful requirement of community parole supervision for life, did not violate the defendant's right to be free from double jeopardy with regard to the final, lawful portions of his sentences, where, by filing a motion to correct his unlawful sentence, the defendant knowingly exposed himself to the possibility that his entire sentencing scheme might be restructured; and where, given that the original judge's imposition of community parole supervision for life was part of an interdependent sentencing scheme, the resentencing judge's conversion of two of the concurrent sentences of incarceration into probationary terms effectuated the intent of the original judge [470-472]; however, this court remanded the matter for entry of a sentence that did not increase the defendant's aggregate punishment [472-474].

INDICTMENTS found and returned in the Superior Court Department on March 16, 2001.

A motion to correct sentence, filed on September 1, 2010, was heard by *Richard T. Tucker,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*David M. Skeels,* Committee for Public Counsel Services, for the defendant.

*Ellyn H. Lazar-Moore,* Assistant District Attorney, for the Commonwealth.

CORDY, J. In the present appeal, we consider two double jeopardy challenges to a Superior Court judge's resentencing order following the judge's allowance of the defendant's motion

to correct his sentences by vacating the requirement of community parole supervision for life (CPSL) pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001). The CPSL requirement had been illegally imposed years earlier as a component of the defendant's original sentences,[1] which also included concurrent periods of incarceration on ten separate indictments. We conclude that where, as here, the imposition of CPSL was part of an interdependent sentencing scheme, the judge had the authority to vacate and restructure the entire scheme, converting two of the concurrent sentences of incarceration into probationary terms, so as to effectuate the intent of the original sentencing judge. However, because an increase in the aggregate punishment would subject the defendant to double jeopardy, we also conclude that the maximum period of incarceration to which the defendant may be subject for violating his probationary term is the period of time between the defendant's resentencing on October 22, 2010, and the maximum period of confinement under the concurrent sentences originally imposed on the indictments on which he was resentenced to probation.

*Background.* On January 29, 2002, the defendant, Richard H. Cumming, was convicted on four indictments charging rape of a child, G. L. c. 265, § 23; four indictments charging indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B; and two indictments charging indecent assault and battery on a child over the age of fourteen, G. L. c. 265, § 13H. On the four indictments charging rape of a child and the four charging indecent assault and battery on a child under the age of fourteen, the judge sentenced the defendant to not less than six years and not more than ten years of incarceration. The judge also imposed CPSL. On the two indictments charging indecent assault and battery on a child over the age of fourteen, the judge sentenced the defendant to not less than four and not more than five years of incarceration. All the sentences were set to run concurrently. The defendant did not appeal.

On February 15, 2002, the defendant filed a motion to revise and revoke his sentences under Mass. R. Crim. P. 29 (a), 378

---

[1]The Superior Court judge who resentenced the defendant was not the judge who imposed the original sentences. The original sentencing judge was no longer a judge of the Superior Court at the time of the resentencing.

Mass. 899 (1979). However, he did not include an affidavit or state any grounds to support the modification of his sentences, and his motion was denied without a hearing.[2] See *Commonwealth* v. *DeJesus*, 440 Mass. 147, 152 (2003). Approximately eight and one-half years later, on September 1, 2010, the defendant filed a motion, under Mass. R. Crim. P. 30 (a), to correct his sentences by vacating the judge's imposition of CPSL in light of this court's decision in *Commonwealth* v. *Pagan*, 445 Mass. 161, 173 (2005) (CPSL provision of G. L. c. 275, § 18, unconstitutionally vague as applied to "Category 1" and "Category 2" offenders). The defendant's motion was allowed on October 13, 2010. Thereafter, the Commonwealth moved that the defendant be resentenced on all of the indictments, and a hearing was scheduled. In response, the defendant filed a motion to dismiss the resentencing hearing for lack of jurisdiction, arguing that because the lawful portions of his sentences were final, modification of his sentences under Mass. R. Crim. P. 30 (a) was limited to vacating the CPSL requirement.

On October 22, 2010, following a hearing, the judge vacated the defendant's remaining lawful sentences of incarceration and restructured the sentencing scheme. On the four indictments charging rape of a child and on two of the indictments charging indecent assault and battery on a child under the age of fourteen, the judge imposed identical sentences of not less than six years and not more than ten years of incarceration. On the two indictments charging indecent assault and battery on a child over the age of fourteen, the judge imposed sentences of not less than four and not more than five years of incarceration. All these sentences were to be served concurrently and were imposed nunc pro tunc to the original sentencing date. On the remaining two indictments charging indecent assault and battery on a child under the age of fourteen, for which the defendant had originally been sentenced to concurrent terms of from six to ten years of incarceration, the judge imposed ten years of probation to be served from and after the defendant's release from incarceration.

---

[2]Thereafter the defendant filed a motion for new trial and to file an appeal late because of the ineffectiveness of his counsel. His motion was denied, and the defendant appealed. In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court affirmed the denial of the defendant's motion for a new trial. *Commonwealth* v. *Cumming*, 76 Mass. App. Ct. 1109 (2010).

The defendant appealed, and in an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court affirmed the order of resentencing on May 7, 2012. *Commonwealth* v. *Cumming*, 81 Mass. App. Ct. 1133 (2013). In the interim, the defendant was released from prison on July 10, 2011, and apparently began his term of probation. We granted the defendant's application for further appellate review.

*Discussion.* The defendant makes two distinct double jeopardy challenges to his resentencing. We address each in turn.

1. *Modification of sentences under Mass R. Crim. P. 30 (a).* The defendant argues that at the time of the resentencing hearing, his sentences were final because he did not take a direct appeal and no valid motion[3] to revise and revoke the sentences under Mass. R. Crim. P. 29 (a)[4] had been filed within sixty days of the imposition of his sentences. See *Commonwealth* v. *Goodwin*, 458 Mass. 11, 19-20 (2010). Consequently, he contends that Mass R. Crim. P. 30 (a) provides the only jurisdictional basis for correcting his sentences, and the judge's authority to do so is limited to revoking the unlawful CPSL requirement. The defendant thus asserts that the judge's decision restructuring the final, lawful portions of his sentences violated his right to be free from double jeopardy.

"[T]he constitutional guarantee against double jeopardy protects a defendant not only against a second prosecution for the same offense after acquittal or conviction but also against 'multiple punishments for the same offense.' " *Commonwealth* v. *Goodwin*, *supra* at 19, quoting *Aldoupolis* v. *Commonwealth*, 386 Mass. 260, 271-272, cert. denied, 459 U.S. 864 (1982), *S.C.*, 390 Mass. 438 (1983). In this manner, "[t]he double jeopardy clause ' "represents a constitutional policy of finality for the defendant's

---

[3]As discussed above, the defendant filed a motion to revise and revoke his sentences under Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979), but he failed to provide a supporting affidavit, and the motion was denied. See *Commonwealth* v. *DeJesus*, 440 Mass. 147, 152 (2003) (to be properly filed, motion to revise or revoke must be accompanied by affidavit or otherwise indicate grounds on which it is based). This explains the defendant's assertion that "no *valid* motion to revise or revoke was filed within sixty days" (emphasis added).

[4]Rule 29 (a) of the Massachusetts Rules of Criminal Procedure provides that "within sixty days after the imposition of a sentence, [the trial judge] may upon such terms and conditions as he shall order, revise or revoke such sentence if it appears that justice may not have been done."

benefit" in criminal proceedings.' " *Commonwealth* v. *Goodwin,* *supra,* quoting *Aldoupolis* v. *Commonwealth, supra* at 274. Accordingly, we stated in *Commonwealth* v. *Goodwin, supra* at 19-20, that "[a]fter a sentence is final, the time to revise and revoke under Mass. R. Crim. P. 29 (a) having expired and any direct appeal having concluded, a defendant may not be sentenced again for that same conviction."

At the hearing on the defendant's rule 30 (a) motion, the judge ruled that the defendant should be "resentenced in totality . . . because of the illegal sentence of the community parole supervision for life." Plainly, the judge's decision to vacate the unlawful CPSL requirement was within his authority under rule 30 (a) "to correct the sentence then being served upon the ground that [it] was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts." For the reasons that follow, we also conclude that the judge did not err by restructuring the "final" lawful portions of the defendant's sentences under rule 30 (a), and as such, the defendant was not placed twice in jeopardy.

First, it was the defendant who filed the rule 30 (a) motion to correct his sentences. This is significant because, although "[t]he double jeopardy proscription protects the defendant against governmental oppression, it does not 'relieve a defendant from the consequences of his voluntary choice' to invalidate his original punishment." *Commonwealth* v. *Leggett,* 82 Mass. App. Ct. 730, 737 (2012), quoting *United States* v. *Scott,* 437 U.S. 82, 99 (1978). By challenging his original sentences, any expectation of finality the defendant may have had was exposed to some risk. Moreover, a defendant "does not have a reasonable expectation of finality in any one part or element of [an interdependent] bundle of sentences, but rather, in the entirety of the scheme." *Commonwealth* v. *Leggett, supra* at 736-737. See *United States* v. *McClain,* 133 F.3d 1191, 1193-1194 (9th Cir.), cert. denied, 524 U.S. 960 (1998), and cases cited. By filing a motion to correct his unlawful sentence under rule 30 (a), the defendant knowingly exposed himself to the possibility that his entire sentencing scheme might be restructured.

Second, it is clear that "[t]he [original sentencing] judge's belief that lifetime community parole supervision could be

imposed influenced his decision as to the appropriate punishment for the defendant's . . . convictions. The sentences imposed constituted an integrated package, each piece dependent on the other, which cannot be separated." *Commonwealth* v. *Renderos*, 440 Mass. 422, 435 (2003). See *Commonwealth* v. *Talbot*, 444 Mass. 586, 597-598 (2005); *Commonwealth* v. *Leggett, supra* at 735. The judge's obvious intention that there be a lengthy period of postrelease supervision could easily have been accomplished by the judge imposing a subsequent probationary period on one of the ten separate crimes of which the defendant was convicted, rather than running all the sentences concurrent with each other. The judge's understanding at the time, not then contested by the defendant, that the CPSL condition would serve that function, makes the interdependent nature of the original sentence apparent. It would not be possible to sever the CPSL requirement without fundamentally altering that judge's original intent. See *Shabazz* v. *Commonwealth*, 387 Mass. 291, 295-296 (1982) (challenge to one sentence imposed at same time as other sentences opens up all interdependent, lawful sentences for reconsideration without violating double jeopardy clause). See also *Commonwealth* v. *Leggett, supra.*

For these reasons, we conclude that, although the lawful components of the defendant's sentences were in one sense final, the judge's decision to modify those interdependent sentences under rule 30 (a) did not violate the defendant's right to be free from double jeopardy.

2. *Increase in the aggregate punishment.* We turn next to whether the specific modification made by the judge increased the defendant's aggregate punishment. As we stated in *Shabazz* v. *Commonwealth, supra* at 296, "[w]e are aware of no authority, in the face of a double jeopardy challenge, supporting an increase in aggregate punishment by adjustment of unchallenged, final sentences upon the invalidation of another interdependent sentence." Any increase in a defendant's aggregate punishment would be "essentially unfair." *Id.* See *Commonwealth* v. *Goodwin, supra* at 18; *Commonwealth* v. *Leggett, supra* at 737 (restructured scheme must be quantitatively fair).

As noted, here, the judge originally sentenced the defendant to concurrent sentences of from six to ten years of incarceration

on the four indictments charging rape of a child and the four charging indecent assault and battery on a child under the age of fourteen and imposed CPSL. At resentencing, the judge imposed the same concurrent six- to ten-year sentences on the four indictments charging rape of a child and on two of the indictments charging indecent assault and battery on a child under the age of fourteen, but on the remaining two indictments charging indecent assault and battery on a child under the age of fourteen, the judge imposed ten years of probation to be served on and after the defendant's release from the other sentences.[5] At the time of the resentencing, the defendant had not completed the six- to ten-year sentences originally imposed on these two convictions.

At first glance, the Commonwealth's argument that a ten-year period of probation cannot be considered harsher than community supervision for life seems reasonable. However, further examination reveals that the restructured sentencing scheme might have the effect of increasing the defendant's aggregate punishment. Under the original sentencing scheme, if the defendant violated a condition of CPSL, he would be subject to possible terms of incarceration as follows: (1) if his violation occurred while he was on parole from the underlying six- to ten-year sentences, he could be returned to prison to finish the remainder of his sentences; (2) if his violation occurred after the entire period of confinement under his original sentences had run, his first violation would subject him to a term of imprisonment in a house of correction for thirty days, his second to a term of 180 days, and his third or subsequent violation to a term of one year. See G. L. c. 127, §§ 133D (c), 149.

In contrast, under the restructured sentencing scheme, a violation of the conditions of his probation might subject the defendant to incarceration for the maximum ten-year sentence attributable to each of the underlying indecent assault and battery offenses. G. L. c. 279, § 3 (if probation is revoked, "the sentence shall be in full force and effect"). See *Commonwealth* v. *Holmgren*, 421 Mass. 224, 228 (1995). As such, the penalty for violat-

---

[5]The concurrent sentence of from four to five years originally imposed on the two indictments charging indecent assault and battery on a child over the age of fourteen remained unchanged under the new sentencing order.

ing a condition of probation is, at least potentially, significantly greater than the penalty for violating the CPSL requirement. In this sense, the modified or additional condition is "so punitive as to increase significantly the severity of the original probation" and violates the prohibition against double jeopardy. *Commonwealth* v. *Goodwin*, 458 Mass. 11, 18 (2010). See *Shabazz* v. *Commonwealth, supra.*[6]

To avoid this outcome, in the peculiar circumstances of this case, we conclude that the maximum period of incarceration to which the defendant may be subject for violating a condition of his probation is the period of time between the defendant's resentencing on October 22, 2010, and the ten-year maximum period of confinement remaining under the six- to ten-year sentences originally imposed on the indictments on which he was resentenced.[7] The practical consequence of this conclusion is that if the defendant violates a term of his probation and is sentenced to and completes the remainder of the ten-year maximum term of his original sentences, he would not be subject to additional periods of incarceration as he would be for subsequent violation under a sentence of CPSL. In this respect, the over-all sentence is likely to be less, rather than more, onerous than the original sentence that had included the illegally imposed CPSL sanction.

*Conclusion.* The case is remanded to the Superior Court to enter a final sentence consistent with this opinion.

*So ordered.*

---

[6]The Commonwealth points out in its brief that the question whether Cumming would receive credit toward the six- to ten-year sentences if his probation were revoked is not argued and remains unresolved. We need not resolve the question.

[7]The defendant was released from custody on the remaining concurrent six- to ten-year sentences on July 15, 2011. There is nothing in the record that indicates whether he was released on parole, or whether he was released on the completion of those sentences. In any event, we make no determination of what would remain of the maximum period of confinement on the indictments on which he was resentenced, as of October 22, 2010.