COMMONWEALTH *vs.* JOHN J. PARRILLO.

Bristol. November 5, 2013. - June 11, 2014.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Community Parole Supervision for Life. Constitutional Law,* Sentence, Sex offender, Double jeopardy. *Practice, Criminal,* Sentence, Double jeopardy. *Sex Offender. Open and Gross Lewdness and Lascivious Behavior. Indecent Assault and Battery.*

This court vacated the imposition on the criminal defendant of community parole supervision for life (CPSL) as part of the sentence on his conviction of indecent assault and battery, where G. L. c. 127, § 133D (*c*), violates separation of powers principles by delegating the distinctly judicial power to impose sentences to the parole board, an agency of the executive branch [320]; further, this court remanded the matter for resentencing as to the entire sentencing scheme, where CPSL was imposed as part of an integrated package of sentences on multiple convictions [320-321].

COMPLAINT received and sworn to in the Attleboro Division of the District Court Department on December 4, 2006.

A motion to correct sentence, filed on November 17, 2010, was considered by *Robert E. Baylor,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Beth L. Eisenberg,* Committee for Public Counsel Services (*John J. Connors* with her) for the defendant.

*Owen J. Murphy,* Assistant District Attorney (*Roger L. Michel, Jr.,* Assistant District Attorney, with him) for the Commonwealth.

CORDY, J. The defendant, John J. Parrillo, was convicted in 2008 of indecent assault and battery on a person over the age of fourteen, in violation of G. L. c. 265, § 13H, among other charges. He was sentenced to a period of imprisonment, probation, and community parole supervision for life (CPSL). He appeals the denial of his motion to correct an illegal sentence, CPSL, pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001), on various grounds, including that his CPSL

sentence is unconstitutional. We transferred the case on our own motion from the Appeals Court and heard the case concurrently with *Commonwealth* v. *Cole, ante* 294 (2014), and others raising questions regarding the constitutionality of the CPSL sentence.

The court held today in *Cole* that G. L. c. 127, § 133D (*c*), violates our separation of powers principles by delegating the distinctly judicial power to impose sentences to the parole board, an agency of the executive branch. The court further concluded that this unconstitutional provision is not severable from the remainder of the CPSL scheme, thereby rendering the CPSL sentence unconstitutional. See *Cole, supra* at 308-309. Pursuant to the holding in *Cole*, we vacate the defendant's CPSL sentence and remand for resentencing.[1]

*Background.* In 2008, a jury found the defendant guilty of indecent assault and battery on a person over the age of fourteen, G. L. c. 265, § 13H; simple assault and battery, G. L. c. 265, § 13A; and open and gross lewdness, G. L. c. 272, § 16. He was sentenced to several terms of imprisonment in the house of correction, probation with a variety of special conditions, and CPSL, presumably on the indecent assault and battery charge.[2]

In November, 2010, the defendant filed a motion to correct an illegal sentence pursuant to Mass. R. Crim. P. 30 (a), and requested that his CPSL sentence be vacated. He asserted that under *Commonwealth* v. *Pagan*, 445 Mass. 161, 174 (2005), the

---

[1]Because we vacate the defendant's community parole supervision for life (CPSL) sentence on other grounds, we need not consider whether his CPSL sentence violates the Sixth and Fourteenth Amendments to the United States Constitution, as interpreted in *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000), and its progeny, and art. 12 of the Massachusetts Declaration of Rights, by imposing mandatory sentence increases without requiring that the facts meriting the increase be admitted to by the defendant or submitted to a jury.

[2]The defendant was sentenced to two and one-half years in a house of correction for the indecent assault and battery charge, one year in the house of correction for the simple assault and battery charge (to be served from and after the first sentence), and two years in the house of correction on the open and gross lewdness charge, suspended for a five-year period of probation to commence from and after his release from the house of correction. The judge also set a number of special conditions on probation, including submitting to deoxyribonucleic acid sampling, complying with Sex Offender Registry Board registry requirements, wearing a global positioning system monitoring device, participating in sex offender treatment, and abstaining from any contact with persons under the age of eighteen or with any intellectual disability.

imposition of CPSL on a first-time offender was unconstitutional, and he had not been charged and convicted as a subsequent offender, for which CPSL would be mandatory. See G. L. c. 265, § 45. The motion judge, who was also the trial judge, denied the motion in June, 2011, without a hearing. In essence, the judge explained that he had exercised his discretion in imposing CPSL "as part of an overall sentencing scheme because of the crimes for which [the defendant] stands convicted, the defendant's criminal history, as well as his age." The defendant appealed the denial, and we transferred the case from the Appeals Court on our own motion.

*Discussion.* A rule 30 (a) motion is the proper mechanism by which to challenge the constitutionality of the CPSL sentencing scheme. *Commonwealth* v. *Azar*, 444 Mass. 72, 76-77 (2005). Apart from claiming that his CPSL sentence is unconstitutional, the defendant argues on appeal that the judge improperly sentenced him to CPSL as a first-time offender, pursuant to G. L. c. 265, § 45, after this court's rulings in *Pagan*, 445 Mass. at 174, and *Commonwealth* v. *Renderos*, 440 Mass. 422, 431-434 (2003), which together rendered the imposition of a CPSL sentence on first-time offenders under § 45 unconstitutional.[3] See *Commonwealth* v. *McGuinness*, 421 Mass. 472, 475 (1995) (sentence "premised on a major misunderstanding by the sentencing judge as to the legal bounds of his authority" is illegal). We need not assess whether the defendant's CPSL sentence was properly imposed, because the CPSL sentence is now unconstitutional in any form. See *Cole*, *supra*. The defendant's CPSL sentence therefore must be vacated.

Although the defendant asks that only the CPSL portion of

---

[3]This argument stems in part from some confusion at the defendant's sentencing as to the basis on which the judge imposed CPSL. The defendant articulates, and the record reflects, three potential bases on which the judge may have rested the CPSL sentence: first, as a repeat offender, pursuant to the third sentence of G. L. c. 265, § 45, despite the fact that the defendant was not charged as such, see *Commonwealth* v. *Pagan*, 445 Mass. 161, 174 (2005); second, as a first-time offender, under the first sentence of G. L. c. 265, § 45, which we held in *Pagan*, *supra*, was unconstitutional; and third, as a condition of the probation imposed on the open and gross lewdness conviction, which reflected a potential misunderstanding on the part of the judge as to the relationship between CPSL and probation.

his sentence be affected, resentencing as to the entire sentencing scheme is appropriate here. See *Renderos,* 440 Mass. at 435; *Commonwealth* v. *Boyd,* 73 Mass. App. Ct. 190, 197 (2008). Where CPSL is imposed as part of an "integrated package" of sentences on multiple convictions, see *Renderos, supra,* the CPSL sentence "may have played a part in the judge's over-all concept in sentencing." *Commonwealth* v. *Talbot,* 444 Mass. 586, 597-598 (2005). Therefore, "the judge must be afforded the opportunity to restructure his sentence." *Id.* at 598. Accord *Commonwealth* v. *Cumming,* 466 Mass. 467, 472 (2013) ("It would not be possible to sever the CPSL requirement without fundamentally altering that judge's original intent"). There is no violation of the prohibition against double jeopardy in engaging in resentencing when a defendant files a rule 30 (a) motion to correct his sentence, because he "knowingly expose[s] himself to the possibility that his entire sentencing scheme might be restructured." *Id.* at 471. However, to accord with double jeopardy principles, resentencing must not result in any increase in the aggregate punishment and must be "quantitatively fair." *Commonwealth* v. *Leggett,* 82 Mass. App. Ct. 730, 737 (2012). See *Cole, supra* at 311; *Cumming, supra* at 472-474; *Katz* v. *Commonwealth,* 379 Mass. 305, 316 (1979), citing *Osborne* v. *Commonwealth,* 378 Mass. 104, 114-115 (1979).

As far as we can discern from the record, the defendant has served his two and one-half year sentence on the indecent assault and battery conviction and his one-year sentence on the simple assault and battery conviction. He is currently on probation under a suspended sentence on the open and gross lewdness charge. His probation is set to expire on December 8, 2015. The judge may not resentence the defendant on the two convictions for which the defendant has already served his sentence, because any such resentencing would result in an increase in punishment in violation of double jeopardy principles. See *Cumming,* 466 Mass. at 473-474. The judge in his sound discretion may resentence on the open and gross lewdness conviction, provided the new sentence satisfies the double jeopardy principles set forth in *Cumming, supra.*

*Conclusion.* The defendant's sentences are vacated, and the case is remanded to the District Court for resentencing consistent with this opinion.

*So ordered.*