NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-1232                                      Appeals Court

COMMONWEALTH vs. LANNY STEED SCOTT.

No. 13-P-1232.

Hampden.     October 9, 2014. - January 5, 2015.

Present: Graham, Brown, & Sullivan, JJ.

Practice, Criminal, Double jeopardy, Sentence, Probation.

Indictments found and returned in the Superior Court
Department on January 17, 2007.

Following review by this court, 78 Mass. App. Ct. 1123
(2011), and the Supreme Judicial Court, 464 Mass. 355 (2013),
resentencing proceedings were heard by John S. Ferrara, J.

Michael J. Fellows for the defendant.
Dianne M. Dillon, Assistant District Attorney, for the
Commonwealth.

SULLIVAN, J. The defendant, Lanny Steed Scott, was

convicted on all charges in a five-count indictment charging

kidnapping, G. L. c. 265, § 26 (Count 1); assault by means of a

dangerous weapon, G. L. c. 265, § 15B(b) (Count 2); assault and

battery, G. L. c. 265, § 13A (Count 3); assault and battery

causing serious bodily injury, G. L. c. 265, § 13A(b)(i) (Count 4); and malicious destruction of property, G. L. c. 266, § 127 (Count 5). On appeal, the Supreme Judicial Court determined there was insufficient evidence to support the conviction on Count 4, assault and battery causing serious bodily injury, and ordered that judgment enter for the defendant on that count.[1] The case was remanded for resentencing on the remaining counts of the indictment. See Commonwealth v. Scott, 464 Mass. 355, 364 (2013). At resentencing, the judge (who was not the trial judge) retained the original sentences on Counts 1, 3, and 5. On Count 2, for which the defendant had already completed his original sentence of from two to five years in State prison concurrent with Count 1 (see Appendix), the judge imposed a five-year term of probation from and after the committed sentence in Count 1. The defendant maintains that this aspect of the resentencing violated principles of double jeopardy and due process. See Commonwealth v. Cumming, 466 Mass. 467 (2013) (Cumming). Compare Commonwealth v. Leggett, 82 Mass. App. Ct. 730 (2012) (Leggett). We vacate the sentences, and remand for resentencing.

---

[1] In a decision pursuant to our rule 1:28, this court had affirmed the defendant's convictions. See Commonwealth v. Scott, 78 Mass. App. Ct. 1123 (2011). The Supreme Judicial Court then granted the defendant's application for further appellate review, limiting its consideration to the sufficiency of the evidence on Count 4.

Background.  The defendant was originally sentenced on December 20, 2007, to a period of from eight to ten years in State prison on Count 1, the kidnapping conviction, and to a period of two to five years in State prison on Count 4, the since-vacated conviction, to run on and after the sentence on Count 1.[2]  He was sentenced to concurrent terms of incarceration of up to five years on the remaining counts of the indictment. See Appendix.  Resentencing occurred over five years later, on April 30, 2013.  By this time the concurrent terms of incarceration had been fully served, including the original sentence of from two to five years in State prison on Count 2, assault by means of a dangerous weapon.  See Appendix.

The judge reimposed the eight to ten year sentence on Count 1, the kidnapping conviction.  Relying on Leggett, supra, he resentenced the defendant to a five-year term of probation on Count 2, to run on and after the sentence on Count 1.[3]  The original aggregate sentence of a maximum fifteen years' incarceration was converted to an aggregate sentence of up to

_____

[2] The defendant also received credit for 409 days of time served awaiting disposition.

[3] The resentencing judge, who, as we have noted, was not the trial judge, questioned whether he was permitted to resentence the defendant on Count 2.  All other concurrent sentences were of shorter duration and had already been served as well.  The judge requested briefing.  The parties argued the applicability of Leggett, upon which the judge relied.

ten years' incarceration and five years' probation.  This was accomplished, however, by vacating the original sentence (which had already been served) on Count 2, and adding a new probationary term on and after the original sentence on Count 1.

Double jeopardy.  The double jeopardy clause, which protects a defendant against "multiple punishments for the same offense, . . . 'represents a constitutional policy of finality for the defendant's benefit' in criminal proceedings." Commonwealth v. Goodwin, 458 Mass. 11, 19 (2010), quoting from Aldoupolis v. Commonwealth, 386 Mass. 260, 271-272, 274, cert. denied, 459 U.S. 864 (1982).  "In this Commonwealth, the subject of double jeopardy generally has been treated as a matter of common law rather than as a question under the Constitution of the Commonwealth."  Commonwealth v. Goodwin, supra at 20, quoting from Aldoupolis v. Commonwealth, supra at 271 n.14.

The defendant asserts that it was impermissible to resentence him to an additional term of probation on Count 2, because he had already served the two to five year sentence in full at the time of resentencing.  The Commonwealth contends that the defendant had no expectation of finality in his sentence until all of the aggregate sentence had been served, and that so long as the aggregate sentence on resentencing does not exceed the original aggregate sentence, there is no infirmity.

Leggett held that a defendant "does not have a reasonable expectation of finality in any one part or element of [an interdependent] bundle of sentences, but rather, in the entirety of the scheme."  Cumming, 466 Mass. at 471, quoting from Leggett, 82 Mass. App. Ct. at 736-737.  In Leggett, the defendant challenged the entire bundle of sentences on the ground of improper comments made by the judge during sentencing.  After a successful appeal from the denial of his motion for resentencing, Leggett's original aggregate sentence of from nineteen to twenty years was vacated, and he was resentenced to a term of from sixteen years to sixteen years and one day and five years of postrelease probation.  82 Mass. App. Ct. at 732-733.  Leggett contended that the new probationary terms were illegal because they were imposed with respect to sentences already fully served.  Id. at 733-734.  In a divided opinion, we held that the "vacation of a sentencing scheme creates a clean slate for resentencing," and rejected the notion that "a reasonable expectation of finality vests in a fully served component sentence of a scheme of multiple sentences."  Id. at 736, 739.

A trio of cases decided since Leggett calls into question the breadth of its holding.[4]  In Cumming, the Supreme Judicial

---

[4] See Commonwealth v. Cumming, 466 Mass. 467 (2013); Commonwealth v. Cole, 468 Mass. 294 (2014); Commonwealth v.

Court, citing Leggett, held that a defendant who files a motion to correct the illegal component of an interdependent sentence "knowingly expose[s] himself to the possibility that his entire sentencing scheme might be restructured."  Cumming, 466 Mass. at 471.  The court limited that restructuring, however, to (1) component sentences that were still outstanding at the time of resentencing, and (2) a sentencing scheme that did not exceed the maximum aggregate sentence of the lawful sentence originally imposed.  Id. at 472-474, citing Shabazz v. Commonwealth, 387 Mass. 291, 296 (1982).  As the court later reiterated in Commonwealth v. Cole, 468 Mass. 294, 311 (2014) (Cole), in holding that resentencing was barred where the probationary sentence had been served in full, resentencing "[can]not increase the 'aggregate punishment' imposed under the original sentence because of the defendant's right to be free from double jeopardy."  Id. at 310, quoting from Cumming, supra at 468.

Commonwealth v. Parrillo, 468 Mass. 318 (2014) (Parrillo), decided the same day as Cole, again stated that "to accord with double jeopardy principles, resentencing must not result in any increase in the aggregate punishment and must be 'quantitatively fair.'"  Id. at 321, quoting from Leggett, 82 Mass. App. Ct. at

Parrillo, 468 Mass. 318 (2014).  All involved the permissible scope of resentencing after a defendant's sentence of community parole supervision for life had been vacated as an illegal sentence.

737. Parrillo also expressly stated that which was implicit in Cumming.[5] That is, where a component sentence in an interdependent sentencing scheme has been served, the defendant may not be resentenced in a manner that increases his or her punishment on the component sentence.

> "The judge may not resentence the defendant on the two convictions for which the defendant has already served his sentence, because any such resentencing would result in an increase in punishment in violation of double jeopardy principles. See Cumming, 466 Mass. at 473-474. The judge in his sound discretion may resentence on the [conviction for which the defendant is currently on probation under a suspended sentence], provided the new sentence satisfies the double jeopardy principles set forth in Cumming, supra."

Parrillo, 468 Mass. at 321.

Both parties to this appeal have proceeded on the basis that it is governed, at least in part, by Cumming. In this case, the sole issue before the Supreme Judicial Court in the defendant's first appeal was the sufficiency of the evidence supporting the conviction on Count 2, assault and battery causing serious bodily injury, and the sole relief sought was the entry of judgment for the defendant on that count. See Commonwealth v. Scott, 464 Mass. at 360, citing Commonwealth v. Latimore, 378 Mass. 671, 677 (1979); id. at 356, 364. No challenge was made to the other convictions or component

---

[5] The resentencing judge here did not have the benefit of either Cole or Parrillo.

sentences, and the "lawful components of the defendant's sentences were in one sense final" for purposes of double jeopardy. Cumming, 466 Mass. at 472. Here, by arguing successfully that there was insufficient evidence to support one of his convictions, the defendant eliminated one component of a sentencing scheme, and thereby exposed himself (at most) to the risk inherent in resentencing in light of the interdependent nature of the original sentences imposed. Compare Cumming, Cole, and Parrillo, supra (defendants did not challenge their convictions, but succeeded in eliminating one component of a sentencing scheme).[6]

That risk is delimited by our common law of double jeopardy, which requires that the restructured scheme be "quantitatively fair." Cumming, supra at 472.[7] The defendant

---

[6] In these circumstances, the Supreme Judicial Court's remand did not constitute a remand to resentence "anew" on a clean slate as to all convictions. Contrast Commonwealth v. White, 436 Mass. 340, 341, 344 & n.3 (2002). Unlike White, where all the convictions were affirmed, but the sentences were vacated due to consideration of improper factors at sentencing, thus rendering the entire sentencing scheme a "nullity," the defendant here succeeded in vacating one of the convictions. He did not make a "'voluntary choice' to invalidate his original punishment" as to all convictions. Cumming, 466 Mass. at 471, quoting from Leggett, 82 Mass. App. Ct. at 737. Compare North Carolina v. Pearce, 395 U.S. 711 (1969); Commonwealth v. Hyatt, 419 Mass. 815, 823 (1995).

[7] In light of our disposition on State common-law grounds, we need not address the Federal constitutional double jeopardy and due process claims advanced by the defendant. We also need not resolve the defendant's argument that he would be entitled

had a legitimate expectation of finality in his sentence once served.[8]  See Parrillo, 468 Mass. at 321.  Cf. Commonwealth v. Selavka, 469 Mass. 502, 503, 514 (2014) (Commonwealth's effort to correct illegal sentence barred by double jeopardy where defendant had a reasonable expectation of finality in a partially served illegal sentence).

This case is therefore controlled in all material respects by the reasoning of Parrillo.[9]  Having served his entire original sentence on Count 2, the defendant could not be resentenced on that conviction.  The Commonwealth's argument that a term of probation does not constitute an additional punishment, see Leggett, 82 Mass. App. Ct. at 739, is foreclosed by Cumming, which holds that the prospect of incarceration for a violation

---

to credit for time served if his probation were revoked.  See Cumming, 466 Mass. at 474 n.6.

[8] Compare Leggett and White, supra, where the defendants challenged their entire sentencing scheme based on the consideration of improper factors at sentencing.  See note 6, supra.  This case does not raise, and we do not consider, the applicability of the double jeopardy bar discussed in Cumming, Cole, and Parrillo to cases such as Leggett, where the entire sentencing scheme has been invalidated on appeal, but a component sentence has been served in full.

[9] The briefs in this case were filed before the Supreme Judicial Court issued its decisions in Cole and Parillo.  In light of these precedents, we need not reach the defendant's alternative contentions that Leggett has no application in a case in which a conviction has been vacated due to insufficient evidence, and that double jeopardy bars resentencing where a defendant's conviction, for which he received an "on and after" sentence, has been vacated for insufficient evidence.

of probation constitutes punishment for purposes of double jeopardy.  466 Mass. at 473-474, citing Commonwealth v. Goodwin, 458 Mass. at 18.

Conclusion.  The defendant may not be resentenced on Counts 2, 3, or 5, for which he has already served his sentences.  If the defendant has not yet completed his sentence on Count 1, the judge, in his sound discretion, may resentence the defendant on that count, provided the new sentence satisfies the double jeopardy principles set forth in Cumming, Cole, and Parrillo. The defendant's sentences are vacated, and the case is remanded for resentencing consistent with this opinion.

So ordered.

Appendix.

Sentences, Commonwealth vs. Scott, No. HDCR2007-00088

| Count | Indictment | Original Sentence* December 20, 2007 | Sentence After Remand** April 30, 2013 |
|---|---|---|---|
| 001 (2007-88-1) | Kidnapping, G. L. c. 265, § 26 | Not less than 8 yrs. nor more than 10 yrs. in State prison | No change |
| 002 (2007-88-2) | Assault by means of a dangerous weapon, G. L. c. 265, § 15B(b) | Not less than 2 yrs. nor more than 5 yrs. in State prison, concurrent with Count 001 | 5 yrs. of probation, on and after Count 001 |
| 003 (2007-88-3) | Assault and battery, G. L. c. 265, § 13A | 2.5 yrs. in house of correction, concurrent with Count 001 | No change |
| 004 (2007-88-4) appealed to Supreme Judicial Court | Assault and battery causing serious bodily injury, G. L. c. 265, § 13A(b)(i) | Not less than 2 yrs. nor more than 5 yrs. in State prison, on & after Count 001 | Judgment for defendant, see 464 Mass. 355 (2013) |
| 005 (2007-88-5) | Malicious destruction of property, G. L. c. 266, § 127 | 60 days in house of correction, concurrent with Count 001 | No change |

*Credit for 409 days awaiting original disposition.
**Credit for 2,380 days.