NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11753


COMMONWEALTH  vs.  GEORGE SALLOP.



Middlesex.      March 5, 2015. - September 3, 2015.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, &
Hines, JJ.


Sex Offender.  Community Parole Supervision for Life.
    Constitutional Law, Sentence, Sex offender, Double
    jeopardy.  Practice, Criminal, Sentence, Double jeopardy.



    Indictments found and returned in the Superior Court
Department on November 9, 2000.

    A motion to vacate a condition of probation, filed on April
9, 2013, was considered by Diane M. Kottmyer, J.

    After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.


    Iris Alkalay for the defendant.
    Melissa Weisgold Johnsen, Assistant District Attorney, for
the Commonwealth.


    GANTS, C.J.  In this appeal, we consider whether a newly

restructured sentence imposed on a defendant after he has

successfully moved to vacate community parole supervision for

life (CPSL) violates our double jeopardy doctrine. We conclude that, where a defendant sentenced to committed time on a conviction is resentenced to a term of probation, the new sentence violates double jeopardy where the defendant already has completed the original sentence on that conviction before the resentencing. But where the defendant has yet to complete the original sentence on a conviction, resentencing to a term of probation does not violate double jeopardy, provided that the total length of incarceration imposed on the defendant for that conviction is not increased. Consequently, if the defendant's probation were to be revoked, the defendant may not be sentenced to a term of incarceration longer than the time remaining on his original uncompleted sentence.

Background. In 2002, the defendant, George Sallop, pleaded guilty to two indictments charging rape of a child with force (counts 1 and 2), one indictment charging assault and battery by means of a dangerous weapon (count 3), one indictment charging open and gross lewdness and lascivious behavior (count 4), and two indictments charging assault and battery (counts 5 and 6). He was sentenced to concurrent committed terms as follows: on counts 1 and 2, from ten to fifteen years in the State prison; on count 3, from nine to ten years in the State prison; on count 4, from two to three years in the State prison; and on counts 5 and 6, two and one-half years in the house of correction. In

addition, on count 1, the defendant was sentenced to CPSL to be served from and after his release.

After we held that the CPSL statute was unconstitutionally vague as applied to first-time sex offenders, Commonwealth v. Pagan, 445 Mass. 161, 162 (2005),[1] the defendant moved to correct his sentences. In 2009, after the defendant had served approximately eight years in prison,[2] a different judge[3] vacated the sentence of CPSL on count 1. The judge also restructured the sentence by vacating the sentences of committed time on counts 3 and 4 and replacing those sentences with two concurrent terms of ten years of probation to run from and after the completion of his sentences on counts 1 and 2, with global positioning system (GPS) monitoring a condition of probation. At the time of his resentencing, the defendant had fully served his original sentence as to count 4 and had approximately two years remaining to the end date of his original sentence as to count 3.

---

[1] We have since struck the community parole supervision for life (CPSL) statute in its entirety because it "violates our separation of powers doctrine, articulated in art. 30 of the Massachusetts Declaration of Rights, by improperly delegating to the parole board, an entity of the executive branch, the exercise of the judicial power to impose sentences." Commonwealth v. Cole, 468 Mass. 294, 295 (2014).

[2] At the time of the original sentencing, Sallop received 313 days of jail credit.

[3] The original sentencing judge had retired.

The defendant moved to vacate and correct the revised sentence, arguing that the GPS condition was improper.  That motion was denied.  The defendant again challenged the GPS condition, this time in a motion to vacate conditions of probation.  That motion was likewise denied.  A panel of the Appeals Court affirmed the denial in a decision pursuant to its rule 1:28.  See Commonwealth v. Sallop, 85 Mass. App. Ct. 1123 (2014).

We granted the defendant's application for further appellate review, limited to an issue briefly addressed by the Appeals Court panel:  the "propriety of resentencing the defendant by imposing a term of probation to run from and after committed sentences that either had been fully served at the time of the resentencing or will have been fully served before the probationary term is due to begin."  Commonwealth v. Sallop, 469 Mass. 1110 (2014).[4]  Although this was not an issue addressed in the order appealed from, we address it out of concern that an injustice might otherwise arise in these circumstances from a violation of double jeopardy.

---

[4] As our limitation of the scope of further appellate review suggests, we are not reexamining the imposition of the probation condition of global positioning system (GPS) monitoring.  The order denying Sallop's motion to vacate that condition stands as affirmed by the Appeals Court.

Discussion. The resentencing judge was not obligated merely to vacate the CPSL portion of the defendant's sentence, but was permitted to restructure the over-all sentence to provide a lengthy period of probation supervision in place of the parole supervision that would have been provided with CPSL, provided the sentence did not violate double jeopardy. See Commonwealth v. Cole, 468 Mass. 294, 310 (2014) ("The vacating of CPSL sentences permits the possibility of resentencing, except where barred by double jeopardy"). Under double jeopardy principles, the new sentence on a conviction must not "increase the 'aggregate punishment' imposed under the original sentence." Id., quoting Commonwealth v. Cumming, 466 Mass. 467, 468 (2013). In particular, double jeopardy principles bar resentencing on any conviction for which the defendant has already fully served his sentence. See Commonwealth v. Parrillo, 468 Mass. 318, 321-322 (2014), citing Cumming, supra at 473-474 (remanding with instructions not to resentence defendant on convictions as to which sentence had been fully served); Cole, supra at 311 (where defendant already served original sentence, "any resentencing . . . necessarily would violate principles of double jeopardy").[5]

---

[5] The Commonwealth, relying on Commonwealth v. Leggett, 82 Mass. App. Ct. 730, 734-738 (2012), disputes this proposition, arguing that so long as the aggregate sentence arising from the sentencing scheme is not increased, a defendant has suffered no violation of double jeopardy even if he is resentenced on a conviction for which he has completed the original sentence.

The defendant, as noted, had fully served his original sentence as to count 4 when the resentencing judge vacated that sentence and replaced it with a ten-year term of probation.  This necessarily increased his sentence on that count, violating double jeopardy principles.

As to count 3, the defendant had not fully served his original sentence at the time of resentencing; he had served approximately eight years on a sentence of from nine to ten years in prison.  Resentencing therefore did not necessarily increase the defendant's punishment on this count.  The resentencing judge, in her sound discretion, was permitted to impose a new sentence for count 3, so long as this did not otherwise violate double jeopardy principles.  See Parrillo, 468 Mass. at 321; Cumming, 466 Mass. at 470-474 (upholding, with modification, imposition of ten years of probation in place of committed terms where original sentences were not completed at time of resentencing).  The practical effect of the resentencing judge's decision as to count 3 was to replace the unserved portion of the defendant's sentence -- approximately one to two years in the State prison -- with ten years of probation.  The

_____

However, as the Appeals Court more recently has recognized, "the breadth of [Leggett's] holding" is no longer governing law after Commonwealth v. Parrillo, 468 Mass. 318 (2014), Commonwealth v. Cole, 468 Mass. 294 (2014), and Commonwealth v. Cumming, 466 Mass. 467 (2013), all issued after Leggett.  Commonwealth v. Scott, 86 Mass. App. Ct. 812, 814-815 (2015).

resentencing judge was within her discretion to determine that this was consistent with the original sentencing scheme and that it did not increase the defendant's punishment as to count 3.

However, in Cumming, we recognized that the replacement of a CPSL sentence with a term of probation has the potential to increase the aggregate punishment imposed on a defendant if the defendant's probation were later revoked and the defendant were sentenced to a period of incarceration on that conviction that exceeds the time remaining on his original uncompleted sentence.[6] See Cumming, 466 Mass. at 473-474. We noted that, whereas the statute prescribed certain limited periods of confinement for violating a condition of CPSL, see G. L. c. 127, §§ 133D (c), 149, "a violation of the conditions of his probation might subject the defendant to incarceration for the maximum . . . sentence attributable to each of the underlying . . . offenses." Cumming, supra at 473. To avoid increasing the defendant's punishment "in the peculiar circumstances of" Cumming, we ruled that "the maximum period of incarceration to which the defendant may be subject for violating a condition of his probation is the period of time between the defendant's resentencing . . . and the ten-year maximum period of confinement remaining under the six- to ten-year sentences originally imposed on the indictments

_____

[6] In its brief, the Commonwealth invites us to revisit this aspect of Cumming. We decline to do so.

on which he was resentenced."  Id. at 474.  The same "peculiar circumstances" are present in this case.  Accordingly, the maximum period of incarceration to which the defendant may be subject for violating a condition of his probation on count 3 is the period of time between his resentencing on April 16, 2009, and the ten-year maximum period remaining under the nine- to ten-year sentence originally imposed on count 3.

Conclusion.  The order denying the defendant's motion to vacate the GPS condition of probation is affirmed for the reasons stated by the Appeals Court in its decision.  The case is remanded to the Superior Court for resentencing consistent with this opinion.  The original sentence on count 4, which the defendant has already fully served, shall be reinstated, and the probationary sentence on count 3 shall be amended to make clear that, if at any time during the probationary term the defendant violates his probation and his probation is revoked, he may not be sentenced to a term longer than the time remaining as of his resentencing on April 16, 2009, until the end date of his nine- to ten-year sentence originally imposed on count 3.

So ordered.