This appeal from the order on the defendant's resentencing, which occurred on February 10, 2016, brings one issue before the panel: whether the resentencing judge abused her discretion when she vacated the community parole supervision for life (CPSL) component of the defendant's sentence and left the remainder of the defendant's sentence as previously imposed.[2] We hold that the judge did not abuse her discretion, and affirm the resentencing order.
Background. In 2004, following guilty pleas to twelve counts of rape of a child with force in violation of G. L. c. 265, § 22A ; two counts of assault with intent to rape in violation of G. L. c. 265, § 24B ; and thirty-four counts of indecent assault and battery on a child under the age of fourteen in violation of G. L. c. 265, § 13B, the defendant was sentenced to incarceration for a term of twenty-five to twenty-seven years followed by a period of probation and imposition of CPSL. On January 30, 2014, the defendant filed a motion to vacate illegal sentence pursuant to Mass.R.Crim.P. 30(a), as appearing in 435 Mass. 1501 (2001), and Commonwealth v. Parillo, 468 Mass. 318, 319 (2014), where the court determined CPSL sentences to be unconstitutional. The resentencing judge vacated the CPSL portion of the sentence, but did not exercise her discretion to reconsider the remainder of the defendant's original sentence.
Discussion. The defendant contends that the resentencing judge abused her discretion in vacating only the CPSL portion of his sentence, instead of the entire sentence, in violation of G. L. c. 275, § 18. We disagree.
"An appellate court's review of a ... judge's decision for abuse of discretion must give great deference to the judge's exercise of discretion." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). The resentencing judge's decision to vacate the unlawful CPSL requirement was within her authority under rule 30(a) to "correct the sentence then being served upon the ground that [it] was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts." Commonwealth v. Cumming, 466 Mass. 467, 471 (2013). While the resentencing judge was not obligated merely to vacate the CPSL portion of the defendant's original sentence, and in her sound discretion was permitted to restructure the remainder of the defendant's sentence, see Shabazz v. Commonwealth, 387 Mass. 291, 295-296 (1982), she was not required to do so.[3] See Cumming, supra at 468; Commonwealth v. Sallop, 472 Mass. 568, 570 (2015).
Order on motion to vacate illegal sentence affirmed.
Orders denying motions to stay and for reconsideration affirmed.

The defendant also appeals from a panoply of orders denying motions to stay appellate proceedings and for reconsideration.

The defendant's reliance on Commonwealth v. Renderos, 440 Mass. 422 (2003), is misplaced. In Renderos, the sentencing judge lacked the statutory authority to impose CPSL in the first instance. Id. at 423. The court held that because the judge misunderstood the bounds of his statutory authority, the sentences imposed constituted "an integrated package," i.e., "each piece dependent on the other, which cannot be separated." Id. at 435. In such a case, a defendant must be resentenced. Ibid. In the present case, at the time of the original sentence, the judge was required to impose CPSL by a statute that was subsequently ruled to be unconstitutional in Parillo, 468 Mass. at 319. Thus, the resentencing judge did not abuse her discretion in declining to view the original sentence as an integrated package.