A Superior Court jury convicted the defendant of mayhem, assault and battery causing serious bodily injury (AB-SBI), and intimidation of a witness. The convictions were based on evidence that-while exclaiming "Die, you bitch"-the defendant threw his girl friend over a porch railing, causing her severe, permanent injuries. The defendant was sentenced to prison terms of ten to fifteen years for mayhem, four to five years for AB-SBI, and six to ten years for witness intimidation. The sentences were to be served concurrently with each other (and with a sentence that the defendant already was serving). The defendant filed a motion for new trial, which was denied. In the defendant's consolidated appeal, a panel of this court, in a memorandum and order pursuant to our rule 1:28 (memorandum and order), reversed the judgment as to the AB-SBI charge as duplicative of the judgment as to the mayhem charge, but otherwise affirmed the remaining judgments. Commonwealth v. Evans, 87 Mass. App. Ct. 1114 (2015). Before us now is the defendant's appeal of the denial of his "Motion To Correct Illegal Sentence (30(a) )," which he filed pro se pursuant to Mass.R.Crim.P. 30(a), as appearing in 435 Mass. 1501 (2001).[2] We affirm.
We begin by noting that none of the remaining sentences here exceeded the statutory maximum for the respective offense, or were "in some [other] way contrary to the applicable statute[s]."[3] Commonwealth v. Walters, 479 Mass. 277, 280 (2018), quoting from Commonwealth v. Layne, 21 Mass. App. Ct. 17, 19 (1985). Nor has the defendant demonstrated that the remaining sentences, individually or collectively, were "premised on a major misunderstanding by the sentencing judge as to the legal bounds of his authority." Walters, supra, quoting from Commonwealth v. McGuinness, 421 Mass. 472, 475 (1995). Hence, there is no "illegal" sentence here. Walters, supra.
The gist of the defendant's argument is that the reversal of his conviction for AB-SBI entitles him to be resentenced on the remaining convictions (not just to have his sentence for the AB-SBI conviction vacated). See Commonwealth v. Leggett, 82 Mass. App. Ct. 730, 735 (2012), abrogated on other grounds by Commonwealth v. Sallop, 472 Mass. 568, 570 n.5 (2015) (where appellate court reverses one or more convictions forming integrated sentencing package, case should be remanded for reconsideration of entire sentencing structure). The flaw in this argument is that the individual sentences were not part of an integrated sentencing package but stand or fall on their own. We agree with the judge who denied the motion that our reversing the AB-SBI conviction "presents no cause for re-sentencing on the remaining convictions for which concurrent sentences were imposed." We additionally note that the motion judge was also the trial judge, and therefore would have been the judge called upon to conduct any resentencing if that were appropriate. There is no reason to believe that this judge would change the sentence that he imposed on the mayhem or witness intimidation convictions if he were asked to reconsider it.
Consistent with its title, the defendant's motion to correct illegal sentence was confined to the sentencing issue. Nevertheless, the defendant inserted an unrelated, additional argument in the separate document that effectively served as the memorandum he filed in support of his motion.[4] Specifically, the defendant claimed that the Commonwealth's key witness-the victim of the attack-left the trial (and jurisdiction) without authority even though his trial counsel had additional questions to ask her. We turn now to that argument.
Passing over the fact that this argument could not properly be the subject of a motion filed pursuant to Mass.R.Crim.P. 30(a), we discern no merit in it. The trial record reveals that the victim in fact properly was excused after both the prosecutor and defense counsel indicated that they had no further questions. To be sure, the following day, the defendant expressed interest in recalling the victim to ask her additional questions about a three-week old posting on the social networking Web site known as Facebook (Facebook post) that the defendant's brother had discovered.[5] The Facebook post stated: "Riding a wave. I learned to surf, me and my son." To the extent that this post indicated that the victim herself had been surfing, it arguably might have provided some support for the defendant's contention that she was not as physically impaired as she claimed. The prosecutor downplayed the import of the post, suggesting that it referred only to the victim having brought her son surfing (rather than having surfed herself). The prosecutor also argued that, in any event, the post was not inconsistent with the victim's testimony that she had "good days and bad days." While the judge stated that he did not view the defendant's new assertion as being "of the greatest magnitude," he nevertheless indicated his openness to allowing the defendant to recall the witness if she were still available.[6] He therefore instructed the prosecutor to determine if the victim were still available, while cautioning the defendant that the Facebook post would not be admitted if she were not.
After a recess, the prosecutor reported back that he was unable to reach the victim despite calling her cellular telephone, her parents in California, and another telephone number in the Commonwealth associated with her. After a brief discussion about the matter, in which both sides reasserted their views on the import of the Facebook post, the judge indicated that he was unwilling to hold up trial further on this issue. At that point, the defendant let the matter drop. Thus, he did not object to the judge's disposition, nor did he raise the issue in his motion for a new trial or his consolidated appeal. Our review is therefore limited at most to whether any errors caused a substantial risk of a miscarriage of justice. See Commonwealth v. McCoy, 456 Mass. 838, 850 (2010).
Under the circumstances, we discern no abuse of discretion in the judge's unwillingness to hold up the trial so that additional efforts could be made to allow the properly excused witness to be recalled. See Commonwealth v. Forte, 469 Mass. 469, 488 (2014) (appellate review of trial judge's decision whether to recall witness is for abuse of discretion). In this regard, we note that the medical records themselves established the extent of the extraordinary injuries that the victim suffered as a result of her fall,[7] and the defendant already had used cross-examination to explore at length his contention that the victim was malingering. For similar reasons, even if we were to conclude that additional efforts should have been made to see whether the victim was available, the defendant's inability to question her about the Facebook post did not cause a substantial risk of a miscarriage of justice.
Order denying motion to correct illegal sentence affirmed.

After the memorandum and order was issued, the defendant separately appealed his sentence and filed a motion to revise and revoke that sentence, which was denied. The current appeal is limited to the denial of his motion to correct illegal sentence.

The sentence for the mayhem conviction exceeded the applicable sentencing guideline, but the judge explained his reasons for doing so on the record.

Adding some confusion to the mix, the separate document itself is entitled "Motion To Correct Illegally Imposed Sentence."

Trial counsel informed the judge both that he was raising the issue at his client's insistence "against [his] advice," and that the defendant's brother had just discovered the Facebook post. In the oral argument before us, the defendant stated that both he and his trial counsel in fact had been aware of the post at the time the victim was excused.

At trial the victim testified that she permanently resides in California and was in Massachusetts only temporarily in order to testify.

For example, the records revealed that the victim suffered six broken vertebrae and underwent surgery that resulted in two rods and eight screws being implanted in her spine to stabilize it.