The defendant, Raheem Garrett, appeals from the denial, without an evidentiary hearing, of a motion to vacate his convictions. We affirm.
1. Background. The defendant was convicted in 2012 of three counts of armed robbery with a firearm while masked. The first and third robbery were of a pizza shop and the second robbery was of a convenience store. The defendant was sentenced to ten to fifteen years in the State prison. He appealed from his convictions, and the Supreme Judicial Court granted the Commonwealth's application for direct appellate review. The convictions were vacated and the matter was remanded to the Superior Court for entry of judgments of guilt on the lesser included offenses of unarmed robbery, and for resentencing. Commonwealth v. Garrett, 473 Mass. 257, 257-258, 267 (2015). Thereafter, the defendant was resentenced to a term of five to eight years. Over the next nine months, the defendant, proceeding pro se, filed a number of motions including a motion challenging the sufficiency of the evidence under Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995), and a motion to vacate the convictions pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001).[2] As regards the latter motion, the trial judge understood the defendant to claim he was entitled to relief based on alleged errors in presenting the case to the grand jury, erroneous admission of DNA evidence, double jeopardy, prosecutorial misconduct, and ineffective assistance of counsel. Concluding that none of these claims was meritorious, the judge denied the motion.[3] On appeal, the defendant appears to challenge so much of the judge's order as denied his rule 30 motion on the grounds of insufficient evidence, double jeopardy, and clerical errors.
2. Discussion. "We review the denial of a motion brought under [ rule 30 (a) ] for abuse of discretion or error of law." Commonwealth v. Perez, 480 Mass. 562, 567 (2018). We discern neither here.
a. Sufficiency of evidence. Passing on the issue whether the defendant's claim that he was entitled to a required finding of not guilty is properly before us, we agree with the Commonwealth that the evidence presented to the jury, as recited by the Supreme Judicial Court, was sufficient to prove the elements of the offenses beyond a reasonable doubt. See Commonwealth v. Garrett, 473 Mass. at 258-259. We further conclude that the judge did not abuse his discretion in not conducting an evidentiary hearing on this issue. See Commonwealth v. Ortiz, 67 Mass. App. Ct. 349, 361 (2006).
b. Double jeopardy. To the extent the defendant argues that his right to be free from double jeopardy was violated when the case was remanded by the Supreme Judicial Court to the Superior Court for resentencing, the claim is unavailing. Resentencing that does not result in any increase in punishment does not violate the principle of double jeopardy. See Commonwealth v. Parrillo, 468 Mass. 318, 321 (2014). Here, after remand, the defendant's sentence of ten to fifteen years was reduced to five to eight years. Accordingly, the judge correctly denied relief on this ground.
c. Remaining claims. The defendant's remaining arguments barely constitute appropriate appellate argument. We have nonetheless reviewed the record and discern nothing improper related to the presentation of the case to the grand jury, arrest and warrant procedures, or in the correction of certain clerical errors.
Order dated March 17, 2017, affirmed.

The motion also sought dismissal of the indictments.

The judge's order also denied the rule 25 motion and a motion for jail credits.