COMMONWEALTH *vs.* LOUIS F. CURRY. October 2, 1978. There was no error in the denial of the defendant's motion in the alternative for leave to withdraw his guilty pleas or for a new trial. 1. A review of the transcript of the hearing at which the pleas were accepted (see *Commonwealth* v. *Foster,* 368 Mass. 100, 102-103, 108 [1975]) discloses that (with one exception not here material) the questions which the judge put to the defendant included the substance (if not the actual language) of all the questions which were considered sufficient in *Commonwealth* v. *Taylor,* 370 Mass. 141, 144-145 n.5 (1976). As in that case, "[t]he transcript further discloses that all of the questions propounded

by the judge were answered by the defendant in words consistent with understanding and voluntariness." 370 Mass. at 145. The judge could rely on his own observations and discernment in concluding that the defendant understood all the questions. *Commonwealth* v. *Leate*, 367 Mass. 689, 696 (1975). 2. The four types of offence with which the defendant was charged (kidnapping, rape, robbery and assault by means of a dangerous weapon) were expressly alleged on the faces of the respective indictments, and each of the indictments was read to the defendant at the hearing on whether his pleas should be accepted. See *Henderson* v. *Morgan*, 426 U.S. 637, 649-650 n.2 (1976) (White, J., concurring). The judge summarized for the defendant's benefit the facts which the members of the prosecution team had represented underlay each of the indictments, and the defendant admitted that the facts were substantially as summarized. In the circumstances the judge was not obliged to explain the specific elements of each offence. *Commonwealth* v. *McGuirk*, 376 Mass. 338, 343-344, 347-348 (1978). See also *Commonwealth* v. *Morrow*, 363 Mass. 601, 607-608 (1973). 3. The defendant was admittedly aware of the prosecutor's recommendations as to sentences; before accepting the pleas the judge reminded the defendant of those recommendations and advised him that he (the judge) proposed to accept the recommendations if he should decide to accept the pleas; the sentences imposed on two of the indictments were those recommended; the sentences on four of the indictments were less than half what had been recommended. If there was error in the judge's failure to advise the defendant of the maximum permissible sentence for each offence, we are convinced that it was harmless beyond a reasonable doubt. 4. The defendant had no constitutional or other right of allocution. *Jeffries* v. *Commonwealth* , 12 Allen 145, 153 (1866). *Hill* v. *United States*, 368 U.S. 424 (1962). *United States* v. *Leavitt*, 478 F.2d 1101, 1104 (1st Cir. 1973). The contention that the defendant was somehow deprived of due process because his then counsel failed to follow the defendant's instruction to argue for lesser sentences rests on nothing firmer than the testimony as to such an instruction which the defendant gave at the hearing on the present motion. That testimony was obviously not believed by the judge who accepted the pleas and denied the motion. See *Commonwealth* v. *Leate*, 367 Mass. at 695; *Commonwealth* v. *Hubbard*, 371 Mass. 160, 169 (1976); *Commonwealth* v. *McGuirk*, 376 Mass. at 346. We note that even present counsel did not argue to the judge that there were any mitigating circumstances which should have been brought to his attention before he imposed sentence.

*Order denying motion affirmed.*

*Bernard M. Grossberg* for the defendant.

*Gordon M. Ludwig (Dennis J. Curran*, Assistant District Attorney, with him) for the Commonwealth.