COMMONWEALTH *vs.* JOSEPH J. NICHOLS. November 28, 1979. The appeal as presently constituted is from an order denying the defendant's second amended motion for leave to withdraw his pleas of guilty to two indictments for armed robbery, two indictments for unlawfully carrying a firearm, and one indictment for breaking and entering in the nighttime with intent to commit larceny. 1. The defendant's first contention on appeal is that he was deprived of the effective assistance of counsel in the respect that his then counsel's failures to investigate the charges and interview witnesses resulted in counsel's inability to give the defendant the advice necessary to a knowing, intelligent and voluntary decision to plead guilty. The judge who accepted the pleas and denied the motion has found on ample evidence that prior to tendering his pleas the defendant had advised counsel that he was guilty of all the offences charged. We find it unnecessary to explore or define the scope of counsel's duties to investigate and interview in such a situation because the record in this case is devoid of any suggestion that the defendant was prejudiced by any alleged shortcoming of counsel. See *Commonwealth* v. *Rondeau,* 378 Mass. 408, 412 (1979), and cases cited. The supposed testimony of the only potential witnesses who were identified by the defendant during the course of the hearing on the motion would not have been material to any of the indictments to which the judge allowed the defendant to plead and which are now before us. "The defendant has directed our attention to no defense that he has lost as a result of his counsel's alleged inadequacy. He asserts that further investigation was necessary, but he does not indicate what facts might have been

Rescript Opinions.

uncovered by such investigation or how they would have improved his case. Speculation that such facts existed is not enough to support this claim." *Commonwealth* v. *Bolduc,* 375 Mass. 530, 540 (1978). Compare *Lamb* v. *Beto,* 423 F.2d 85, 87 (5th Cir.), cert. denied, 400 U.S. 846 (1970). Accord, *Beran* v. *United States,* 580 F.2d 324, 327 (8th Cir. 1978), cert. denied, 440 U.S. 946 (1979). 2. The second contention is that the pleas were involuntary and offered unintelligently because counsel misrepresented to the defendant what the prosecutor intended to recommend by way of disposition. See *McAleney* v. *United States,* 539 F.2d 282, 283, 284-285 (1st Cir. 1976). Notwithstanding the defendant's suggestion to the contrary, the contention finds no support in the transcript of the proceedings at which the pleas were accepted and is grounded solely on the defendant's testimony at the hearing on the motion; it founders on the statement in the judge's memorandum of decision that "I do not believe the defendant's testimony." Compare *Commonwealth* v. *Curry,* 6 Mass. App. Ct. 928, 928-929 (1978).

*Order denying motion affirmed.*

*Bernard Grossberg* for the defendant.

*Susan A. Ghetti,* Legal Assistant to the District Attorney, for the Commonwealth.