COMMONWEALTH *vs.* BIRNEY JONES. September 28, 1982. A right of allocution at the time of sentencing is not extended to a defendant by Mass.R.Crim.P. 28(b), 378 Mass. 898 (1979). Although rule 28(b) is patterned after Fed.R.Crim.P. 32(a)(2), the provisions of the two rules differ substantially. The Federal rule mandates that the court "address the defendant personally and ask him if he wishes to make a statement." See *Green* v. *United States*, 365 U.S. 301 (1961). "The Federal Rule has been significantly modified so as to conform to existing Massachusetts practice," Reporters' Notes to Mass.R.Crim.P. 28, Mass. Ann. Laws, Rules of Criminal Procedure at 449 (1979), which is to afford a defendant an opportunity to address the court as a matter of discretion and not as of right. *Id.* at 450. See also *Commonwealth* v. *Curry*, 6 Mass. App. Ct. 928, 929 (1978). Consistent with this long-standing practice, rule 28 (b) provides in pertinent part: "Before imposing sentence the court shall afford the defendant *or* his counsel an opportunity to speak on behalf of the defendant and to present any information in mitigation of punishment" (emphasis supplied). 378 Mass. at 898. In the instant case, defense counsel addressed the court at the time of sentencing. Moreover, when the defendant thereafter moved to revise and to revoke his sentence on the

basis that he had been denied the "right" of allocution, the trial judge allowed the defendant personally to address the court in his own behalf.

*Judgment affirmed.*

*Frank R. Herrmann* for the defendant.

*Muriel Ann Finnegan,* Assistant District Attorney, for the Commonwealth.