COMMONWEALTH vs. KEVIN WHITFORD.

Suffolk.   March 22, 1983. — August 1, 1983.

Present: ARMSTRONG, ROSE, & DREBEN, JJ.

*Practice, Criminal,* Plea, Judicial discretion, Assistance of counsel, Presentence report, Agreement between prosecutor and defendant, Sentence, Allocution.

A judge did not abuse his discretion in denying a criminal defendant's motion for leave to withdraw his pleas of guilty, which was made after acceptance of the pleas but before sentence was imposed. [449-450]

Where the record of the proceeding at which a defendant pleaded guilty on three indictments clearly established that the pleas were voluntarily and intelligently made, failure of the prosecutor and defense counsel to inform the judge of an agreement that the Commonwealth would recommend a concurrent sentence on an unrelated charge did not impair the judge's determination of the voluntariness of the pleas, or in any other way harm the defendant. [450-452]

A criminal defendant was not denied the effective assistance of counsel either by the fact that his counsel was a former member of the State police or by his counsel's failure to disclose to the judge the existence of a plea bargain on unrelated charges. [452-453]

The record of a proceeding culminating in the acceptance of pleas of guilty to criminal charges disclosed no harm to the defendant resulting from the judge's possible use of a presentence report. [453-454]

The judge in a criminal case complied with Mass.R.Crim.P. 28(b), 378 Mass. 898 (1978), which permits the defendant or his counsel an opportunity to present information in mitigation of punishment. [454-455]

INDICTMENTS found and returned in the Superior Court Department on December 22, 1980.

A motion for leave to withdraw pleas of guilty was heard by *James P. Donohue,* J.

*Barry P. Wilson* for the defendant.

*Ellen Mary Donahue,* Assistant District Attorney, for the Commonwealth.

DREBEN, J.   A Brink's employee was robbed at gunpoint while making a delivery to the Jamaica Plain branch of The

First National Bank of Boston in December, 1980. On June 1, 1981, the defendant pleaded guilty to three indictments occasioned by the event: armed robbery while masked, assault with intent to commit armed robbery, and conspiracy. At the request of the Commonwealth, sentencing was postponed pending trial of two co-conspirators. When it became apparent at the disposition hearings in October, 1981, that the judge intended to impose a ten- to twenty-year Walpole sentence, the defendant, represented by new counsel, orally and later by written motion sought to withdraw his pleas. He claimed that it was his understanding that only a ten- to twelve-year sentence was to be entered and that other pending charges due to an incident in Revere would also be resolved. He was willing to abide by his plea and would also plead to the Revere charges if a sentence having the shorter maximum were imposed, but not otherwise. The judge imposed concurrent ten- to twenty-year sentences on the original pleas and denied the motion.

In his appeal the defendant argues that the judge erred in denying his motion to withdraw the pleas on the following grounds: the record does not affirmatively disclose the voluntariness of the pleas because the Commonwealth failed to disclose the full plea bargain prior to acceptance of the plea; because the defendant was deprived of the effective assistance of counsel; and because the procedure was tainted by the judge's looking at the defendant's presentence report prior to the acceptance of the pleas, and by his failure to accord the defendant the right of allocution. We affirm.

1. *Standard of review.* In contrast to the stricter standards applicable to postconviction motions to withdraw guilty pleas, the Supreme Judicial Court has pointed out that Mass.R.Crim.P. 12(c)(2)(B), 378 Mass. 868 (1979), "provides judges with broad discretion to allow a defendant to withdraw his plea before the plea has been accepted and sentence imposed." *Commonwealth* v. *DeMarco*, 387 Mass. 481, 484 (1982). Here, where the Commonwealth sought the delay between acceptance of the plea and sen-

tencing, we assume with the defendant that the more liberal standard of rule 12 is applicable.[1]

Rule 12(c)(2)(B), however, does not entitle a defendant to withdraw his plea as matter of right but only "in the discretion of the judge." We note that *DeMarco* did not decide whether implicit in the rule is a requirement that the defendant advance a "plausible" or a "fair and just" reason. See cases cited in *DeMarco*, 387 Mass. at 486 n.11. See also *Kercheval* v. *United States*, 274 U.S. 220, 224 (1927); 3 A.B.A. Standards for Criminal Justice, Withdrawal of the Plea, Standard § 14-2.1 (1979 & Supp. 1982). Since the judge denied the motion, we also need not consider which reasons would suffice to warrant an exercise of discretion in the defendant's favor. In order to prevail, the defendant must show an abuse of discretion. No such showing has been made.

The record must, however, indicate that the plea was entered intelligently and voluntarily. *Boykin* v. *Alabama*, 395 U.S. 238, 242 (1969). *Commonwealth* v. *Foster*, 368 Mass. 100, 102 (1975).

2. *Voluntariness of plea in view of failure to disclose.* The defendant argues that, because the judge accepted the defendant's plea without full knowledge of the promises made by the Commonwealth, he was unable to determine the voluntariness of the plea. The facts do not support this contention.

Before the defendant's pleas were accepted in June, 1981, both counsel informed the judge that the Commonwealth recommended concurrent Walpole sentences on the three indictments of not less than fifteen nor more than twenty

---

[1] We note, however, that some of the considerations discussed in *De-Marco, supra* at 485-486, which provide the rationale for stricter standards for postconviction motions may also apply here. For example, the government may be, and has alleged in its brief that it was, prejudiced because the case against the codefendants has concluded without the defendant's having been tried. See *United States* v. *Barker*, 514 F.2d 208, 222-223 (D.C. Cir.), cert. denied, 421 U.S. 1013 (1975). This factor may be important, particularly in view of the disclosure by the record that the defendant's motion to sever, filed on May 22, 1981, was denied. Of course, even under rule 12 prejudice to the government is to be taken into account. See cases cited in *DeMarco*, at 486 n.12.

years and that the defendant was going to ask for shorter sentences. See Mass.R.Crim.P. 12(b)(1)(C), 378 Mass. 867 (1979). Although it had been agreed that the Commonwealth would also recommend a concurrent sentence of the same length on other charges arising from an unrelated armed robbery in Revere, that agreement was not brought to the judge's attention until a hearing on October 5, 1981. At that hearing the judge indicated his willingness to enforce the agreement and to impose concurrent sentences on the Revere charges.[2] Thus this is not a situation where the prosecutor reneged on his promises. Compare *Santobello* v. *New York*, 404 U.S. 257, 262 (1971); *Commonwealth* v. *Benton*, 356 Mass. 447, 448 (1969).

An examination of the transcript of the June hearing shows that the judge was assiduous in ensuring that the defendant fully understood the charges and the consequences of his plea. He informed the defendant, "I will listen to the recommendation that the Commonwealth makes. I certainly would not exceed it . . . . And I will listen to what . . . your counsel has to say. But I will impose the sentence I deem appropriate, but I want you to know it will be within that range of not less than fifteen nor more than twenty . . . . So you know exactly what it is that you are pleading to." In addition, the judge questioned the defendant with great care as to the significance of a fifteen- to twenty-year sentence. The defendant's answers leave no doubt that he recognized the full implications of the recommended sentences, both as to the time of eligibility for parole and the duration of such parole.[3]

---

[2] On October 26, 1981, prior to sentencing, the prosecutor and the defendant agreed to ten- to twelve-year sentences on the Revere charges, but the judge informed both counsel that he would not impose a sentence of less than ten to twenty years. The defendant then decided not to plead to the Revere charges.

[3] The unequivocal answers of the defendant appearing in the transcript undoubtedly led to his provident decision not to pursue in this court the claim made to the trial judge that the defendant misunderstood the sentence he was to receive. See *Commonwealth* v. *Morrow*, 363 Mass. 601, 607 (1973); *Commonwealth* v. *Perry*, 389 Mass. 464, 470 (1983); *Commonwealth* v. *Stanton*, 2 Mass. App. Ct. 614, 622 (1974); *Commonwealth*

While it is true that disclosure of prosecutorial promises bears on the voluntariness of the plea, see Reporters' Notes to Mass.R.Crim.P. 12(c), Mass. Ann. Laws, Rules of Criminal Procedure at 204-209 (1979), "adherence to or departure from [the procedures in rule 12(c) are] but one factor to be considered." *Commonwealth* v. *Johnson,* 11 Mass. App. Ct. 835, 841 (1981). The failure to disclose the existence of an agreement does not as matter of law preclude a decision that the pleas were knowingly and voluntarily made. *Commonwealth* v. *Stanton,* 2 Mass. App. Ct. 614, 619 (1974). *Jones* v. *United States,* 423 F.2d 252, 256 (9th Cir.), cert. denied, 400 U.S. 839 (1970).

In view of the clarity of the record as to the defendant's understanding of the import of the sentences and the judge's willingness to follow the originally undisclosed recommendation and impose identical concurrent sentences on the Revere charges, we do not see (nor has the defendant suggested) how the failure to disclose the Commonwealth's recommendation on the Revere charges in any way harmed the defendant or affected the voluntariness of his plea.

3. *Ineffective assistance of counsel.* The stark allegations of counsel's failures in the defendant's affidavit in support of his motion to withdraw his guilty pleas, repeated in the defendant's brief on appeal, not only do not rise to the level of appellate argument, Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), but also fail to allege, as required, how the defendant was prejudiced at the plea bargaining hearing by such shortcomings of his attorney. *Commonwealth* v. *Nichols,* 8 Mass. App. Ct. 934 (1979).

The claim of conflict of interest on the bare assertion that counsel had previously — no indication as to when — served as a State trooper is without merit. Cf. *Commonwealth* v. *Smith,* 362 Mass. 782, 783 (1973). If this contention were

v. *Cepulonis,* 9 Mass. App. Ct. 302, 309 (1980), habeas corpus denied sub nom. *Cepulonis* v. *Ponte,* 699 F.2d 573, 574 (1st Cir. 1983); *Commonwealth* v. *Johnson,* 11 Mass. App. Ct. 835, 840 (1981). These cases indicate that inaccurate explanations of sentences by counsel do not render a plea vulnerable, especially when there is a clear exposition by the judge.

sustained, any former law enforcement agent would be forever barred from representing persons charged with criminal offenses.

Counsel's failure to disclose to the court the plea bargain as to the Revere charges did not deprive "the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). *Commonwealth* v. *Perry,* 389 Mass. 464, 471-472 (1983).

Also without merit is the allegation that defendant's former counsel should have made some argument on behalf of the defendant before sentencing. Here, sentencing did not occur until defendant's former counsel had been replaced by defendant's present counsel. In addition, there has been no showing of prejudice or indication of mitigating factors that could have been presented to the judge.

4. *Presentence report.* In the portion of the judge's colloquy of June 1 with the defendant which concerned his knowing waiver of his right to trial by jury, the judge commented, "Now from looking over your past record, you certainly understand what a trial by jury is, right?" On the basis of this statement, the defendant claims that the judge improperly looked at the defendant's prior criminal record, thus establishing "error of the clearest kind." *Gregg* v. *United States,* 394 U.S. 489, 492 (1969). See *United States* v. *Hopwood,* 422 F.2d 348, 349 (10th Cir. 1970). See also *United States* v. *Cruz,* 707 F.2d 111, 115 (1st Cir. 1983). The cases cited are based on Fed.R.Crim.P. 32(c)(1) which, unlike our rules, provides specifically that a presentence report "shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty . . . except that a judge may, with the written consent of the defendant, inspect a presentence report at any time." Our rule, Mass.R.Crim.P. 12(e), 378 Mass. 866 (1979), permits either party at the time of "tender of a plea" to inspect the presentence report and gives the judge the power to except portions of the report from disclosure in extraordinary instances. This power would seem implicitly to authorize the judge to examine the report, at least in some cases.

As indicated below, the defendant has not provided us with a record which enables us to determine whether the materials examined by the judge fell within the ambit of the Federal rule. We need not, therefore, determine in this case whether our rule, despite its very different language, imports considerations contained in the Federal rule or whether its drafters deliberately rejected the Federal rule which was itself relaxed in 1975 to allow examination of such reports with the consent of the defendant. In this connection the following comment of the Advisory Committee report which led to the 1975 amendment is significant. "Because many plea agreements will deal with the sentence to be imposed, it will be important . . . for the judge to have access to sentencing information as a basis for deciding whether the plea agreement is an appropriate one." 1974 Advisory Committee Notes to Fed.R.Crim.P. 32, 18 U.S.C.A., Federal Rules of Criminal Procedure, at 15 (West 1976).

The record is not unequivocal as to what the judge looked at. When counsel, after the refusal of the judge to allow withdrawal of the plea and prior to sentencing, asked the judge to recuse himself "because of the fact that the Court knew about his prior record," the judge said, "I don't know anything about his prior record." Thus, as in *Gregg, supra* at 492-493, we do not have a record showing with sufficient clarity what was examined by the judge. See also *Commonwealth* v. *Martin*, 355 Mass. 296 (1969), which gives a general description of a probation report which may be in two parts: one the criminal record ("blue sheets") and the other a part containing information gathered "by the probation department from the defendant himself, former employers of the defendant and others." *Id.* at 297. In addition, there may be a more formal presentence report. Different considerations may apply to each of these materials. Moreover, we note that in the course of the colloquy on June 1, the defendant himself adverted to his prior convictions and indicated he had pleaded guilty on a few occasions. These statements of the defendant suggest that, if perchance there was error, such error was harmless.

5. *Claim under Mass.R.Crim.P. 28(b)*. The defendant's claim under Mass.R.Crim.P. 28(b), 378 Mass. 898 (1978),[4] would at most entitle him to resentencing and would not affect the plea. *Katz* v. *Commonwealth*, 379 Mass. 305, 315-316 (1979). *United States* v. *Becker*, 437 F.2d 1086 (5th Cir. 1971). However, we view this claim, too, to be without merit on the facts of this case. At the sentencing hearing of October 5, 1981, counsel wanted his client to take the stand to show why a ten- to twenty-year sentence should not be imposed. Although counsel's focus was on a record for appeal, there is no question that he and the defendant were anxious to obtain a ten- to twelve-year sentence. The judge, in allowing the defendant to take the stand, specifically stated, "He certainly can have an opportunity, if he wants to, to put on the record what he wants." The defendant took the stand, and there is no suggestion anywhere that the judge would not have allowed him or his counsel to show any mitigating factors. In these circumstances, we see no failure to comply with Mass.R.Crim.P. 28(b). Cf. *Commonwealth* v. *Jones*, 14 Mass. App. Ct. 991 (1982). As already noted, there is no hint of any mitigating factors which could have been presented.

We conclude that there has been no showing of an abuse of discretion in the trial judge's order denying the defendant's motion to withdraw his pleas.

*Order affirmed.*

---

[4] Rule 28(b) states, in pertinent part: "Before imposing sentence the court shall afford the defendant or his counsel an opportunity to speak on behalf of the defendant and to present any information in mitigation of punishment." The defendant's rights are derived solely from the rule, as prior thereto a defendant had no constitutional or other rights to allocution. *Commonwealth* v. *Curry*, 6 Mass. App. Ct. 928, 929 (1978), and cases cited therein.