COMMONWEALTH *vs.* PAUL MACDONALD. November 5, 2001. *Practice, Criminal,* Probation, Revocation of probation. *Protective Order. Words,* "No contact," "Stay away."

The defendant appealed from a District Court judge's denial of his motion to dismiss probation surrender proceedings. The Appeals Court vacated the District Court order and remanded the matter to the District Court. *Commonwealth v. MacDonald,* 50 Mass. App. Ct. 220, 225 (2000). We granted the Commonwealth's application for further appellate review. We agree with the reasoning of the Appeals Court and with the result reached. We vacate the District Court order and remand the case for further proceedings consistent with this opinion.

---

[2] We note that the petition was not filed until May 18, 2001.

The defendant was originally placed on probation by a District Court judge (sentencing judge). The conditions of probation on the probation form signed by the defendant do not mirror those on the docket. The docket indicates that a condition of probation imposed by the sentencing judge was that the defendant "stay away." The form the defendant signed contained written conditions of probation prepared by a probation officer and included the requirement that he "stay away from [the victim], no contact." Thus, the probation form included a "no contact" requirement, whereas the docket required only that the defendant "stay away."

Later, notices of surrender and hearings for alleged violations of probation were served on the defendant. Each of these notices included as an alleged violation of probation, inter alia, "failure to have *no contact* with victim," and stated dates and places of each such violation (emphasis supplied). The sentencing judge presided over this first probation surrender hearing, found the defendant in violation of his probation, and extended the defendant's probation for an additional five years, subject to certain conditions. For a second time, the conditions of probation on the probation form signed by the defendant are not the same as those on the docket. The docket entry reflects three conditions, including, "stay away from victim." Once again, the defendant signed a form containing conditions of probation prepared by a probation officer, which include, inter alia, a provision that the defendant have "[n]o contact" with the victim.

The defendant was later surrendered yet another time; again "failure to comply with no contact order" was one of the alleged violations of probation. Prior to the probation surrender proceeding, the defendant filed a motion to dismiss based, in part, on the ground that the sentencing judge had ordered him to "stay away" from the victim but had not imposed a "no contact" order.

A second District Court judge (second probation surrender judge) denied the motion to dismiss. Although the docket did not contain the "no contact" provision, she concluded that the conditions of probation signed by the defendant constituted a contract and that the contract "controlled." Accordingly, she found the defendant in violation of his probation, revoked the probation, and imposed a sentence to a house of correction.

An order to "stay away" (the term entered on the docket) is not the equivalent of an order of "no contact" (the term on the probation forms). "Pursuant to a 'stay away' order, the defendant may not come within a specified distance of the protected party, usually stated in the order, but written or oral contact between the parties is not prohibited. By contrast, a 'no contact' order mandates that the defendant not communicate by any means with the protected party, in addition to remaining physically separated. Thus, a 'no contact' order is broader than a 'stay away' order." *Commonwealth* v. *Finase*, *ante* 310, 314 (2001).

Here, where there is a difference between the probation conditions entered on the docket and those on the probation form prepared by the probation officer, the case turns not on the conditions the probation officer wrote on the form, but instead on the conditions of probation the sentencing judge imposed. As the Appeals Court correctly concluded, the defendant was in no position to bargain with the probation officer and the conditions of probation signed by the defendant had no viability apart from the court order that created them.

The probation form is not a contract. See *Commonwealth* v. *MacDonald, supra* at 224. The defendant is in violation of his probation only if he disobeys the conditions of probation imposed by the sentencing judge.

Docket entries are prima facie evidence of the facts recorded therein. See *Commonwealth* v. *Mattos*, 404 Mass. 672, 677 (1989), quoting *Barry* v. *Commonwealth*, 390 Mass. 285, 289 (1983). However, there may be other evidence that may rebut the prima facie effect of the docket. For example, one of the reasons that the defendant was originally surrendered for a violation of probation was "failure to have no contact with victim." Neither party disputes that that surrender proceeding was presided over by the sentencing judge and, after the defendant was found in violation of probation, according to the docket, the "stay away" condition was reimposed. It is unlikely that the sentencing judge would impose less severe conditions after a violation of probation than those he had originally imposed. The entry in the docket (after the original sentencing and after the first probation surrender hearing) reflecting only "stay away" in contrast to the alleged probation violation for failure to comply with a "no contact" order is some evidence that the docket entry did not accurately reflect the conditions imposed by the sentencing judge.

Nevertheless, there are no findings by the second probation surrender judge. The defendant is in violation of his probation only if he disobeys the conditions of probation imposed by the sentencing judge. Thus, remand is necessary because of the absence of findings by the second probation surrender judge regarding the conditions of probation imposed by the sentencing judge. It is possible that the record before the second probation surrender judge provides sufficient evidence for her to make the determination of the conditions imposed by the sentencing judge or that further evidence is necessary. That is a matter left to the discretion of the second probation surrender judge.

The order denying the defendant's motion to dismiss probation surrender proceedings is vacated, and the matter is remanded for further proceedings consistent with this opinion.

*So ordered.*

*Bridget Norton Middleton*, Assistant District Attorney, for the Commonwealth.

*Donald K. Freyleue* for the defendant.