NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12212


COMMONWEALTH  vs.  ANDRES PACHECO.



Middlesex.      February 14, 2017. - May 30, 2017.

Present:  Gants, C.J., Lenk, Hines, Gaziano, Lowy, & Budd, JJ.


Constitutional Law, Sentence, Assistance of counsel, Double
     jeopardy.  Due Process of Law, Sentence, Assistance of
     counsel, Notice.  Practice, Criminal, Sentence, Assistance
     of counsel, Double jeopardy, Probation.



Indictments found and returned in the Superior Court
Department on September 30, 2004.

A motion to vacate sentence, filed on June, 18, 2008, was
heard by Leila R. Kern, J., and a motion to correct and clarify
sentence, filed on November 30, 2014, was heard by Kathe M.
Tuttman, J.

The Supreme Judicial Court granted an application for
direct appellate review.


Rebecca Kiley for the defendant.
Michael Klunder, Assistant District Attorney, for the
Commonwealth.


GAZIANO, J.  At issue in this case is whether a consecutive

sentence of eight years of probation, imposed in 2015 by a judge

who was not the plea judge, violated the protections against double jeopardy, where the defendant originally had been sentenced in May, 2005, to an eight-year term of probation, concurrent with his ten-year prison sentence. In June, 2008, after he had served approximately three and one-half years of incarceration, the defendant filed, pro se, a motion to vacate the imposition of community parole supervision for life (CPSL), in light of this court's decision in Commonwealth v. Pagan, 445 Mass. 161, 162 (2005).

At a hearing on that motion in July, 2008, where the defendant was not represented by counsel, and had not waived his right to representation, the plea judge allowed the motion to vacate, and then, at the Commonwealth's request, imposed several additional conditions on the defendant's terms of probation, while ordering that "[t]he original sentence on [May 26, 2005,] stands except the lifetime community parole was vacated." In November, 2015, approximately two months before the defendant's then-scheduled release date, the Commonwealth filed a "Motion to Correct and Clarify the Sentence." The Commonwealth argued that, at the 2008 hearing when the plea judge vacated the imposition of CPSL, she had resentenced the defendant to a consecutive term of probation of eight years, from and after his ten-year sentence of incarceration. At a hearing in December, 2015, after the original sentences in this case had terminated,

a different Superior Court judge sentenced the defendant to a consecutive term of probation of eight years.  The defendant appealed, and we allowed his motion for direct appellate review.

The defendant argues that he was not resentenced to a term of consecutive probation when the original sentencing judge vacated the CPSL portion of his sentence; the proceedings at that hearing lacked the procedural protections of a sentencing hearing; and principles of double jeopardy bar the imposition of a consecutive term of probation by a different judge, almost eight years later, at a hearing conducted after the completion of the defendant's original sentence.  We agree and, accordingly, reverse.

1.  <u>Facts and prior proceedings</u>.  In September, 2004, the defendant was indicted on three charges of rape of a child by force, in violation of G. L. c. 265, § 22A; kidnapping, in violation of G. L. c. 265, § 26; indecent assault and battery on a person age fourteen or older, in violation of G. L. c. 265, § 13H; and assault and battery, in violation of G. L. c. 265, § 13A, for the September 11, 2014, attack on his then long-term girl friend's fifteen year old niece, who knew him as her "godfather."

On May 26, 2005, the defendant pleaded guilty to all of the indictments.  A Superior Court judge sentenced him to a term of imprisonment of from ten years to ten years and one day on each

of the convictions of rape, to be served concurrently. On the conviction of kidnapping, the judge sentenced the defendant to a term of probation of eight years,[1] to be served concurrently with his committed sentence, and ordered that, "while incarcerated [the defendant] submit[] for sexual offender evaluation, offender evaluation and treatment as ordered by and through the institutions."[2] When asked if he agreed with those conditions, the defendant answered, "Yes." The judge also ordered that the defendant be placed on CPSL. The two other convictions were placed on file.

On June 16, 2008, having served approximately three and one-half years of both his ten-year term of incarceration and his concurrent eight-year probationary term, the defendant filed, pro se, a "Motion To Vacate Sentences Pursuant to Massachusetts Rule of Criminal Procedure 30(a)[, as appearing in 435 Mass. 1501 (2001)]," seeking to vacate so much of his sentence as imposed CPSL, in light of this court's decision in Pagan, 445 Mass. at 162.

---

[1] Taking into account the sentence credit that the defendant received for time served awaiting trial, the period of probation ended within one month of the period of incarceration.

[2] The entry on the docket sheet indicates that the defendant was sentenced to "Probation 8 yrs., . . . this sentence to be served concurrently with the sentence imposed this day in [counts nos. 001, 002, and 003, indictments charging rapes of a child with force]. Def[endant] to submit to evaluation and treatment for sexual offenders, defendant agrees in open court."

On July 23, 2008, the sentencing judge conducted a hearing on the defendant's pro se motion to vacate. At the hearing, where the defendant was not represented by counsel, the prosecutor agreed that the CPSL portion of the defendant's sentence had been determined to be unconstitutional, but asked the court "to add some special conditions of [the defendant's] probationary period when he in fact is released from [S]tate prison."

The prosecutor, who was not the prosecutor at the plea hearing, did not request that the defendant's sentence be restructured, or that his sentence of probation be modified to be served consecutively to his sentence of incarceration. Rather, the prosecutor gave the sentencing judge the erroneous impression that the defendant previously had been sentenced to a consecutive eight-year term of probation. The prosecutor said that the additional special conditions of probation she was requesting had not been sought originally as part of the probationary sentence "so not to interfere with any of the conditions that community parole, or what would be involved with the community parole statute." She also stated, incorrectly, that the original sentence included a requirement that, upon release, the defendant "submit to sex offender evaluation and any treatment that is recommended as a result of that sex offender evaluation."

The sentencing judge announced her ruling on the defendant's motion to vacate as follows:

> "[T]he sentence that was imposed back on . . . May 26, 2005 . . . will remain in effect, but the additional provision of lifetime community parole will be deleted or vacated from the original sentence. In its place this [c]ourt agrees that the conditions of probation that include staying away from the victim and her family, staying away from children under the age of [sixteen], and then all the usual probation conditions will apply. Furthermore, it is now mandatory, but at that time in [2005] it was discretionary, this [c]ourt will, under my discretion, add the condition of a [global positioning system (GPS)] device during the probationary period . . . ."

After a further brief discussion between the prosecutor and judge, the defendant asked, "Will they send me a paper?" The clerk then announced the court's ruling:

> "[A]ll conditions that are imposed on May [26, 2005,] stand, except the lifetime community parole is revoked. Special conditions, no contact with the victim or the family, no contact with a child under the age of [sixteen] years of age, plus the [c]ourt orders that you be -- you wear the [global positioning] system, and the fee for the GPS system is waived until you become gainfully employed."

The defendant then said, "So the earlier parole --," and the judge interjected, "Yes. The parole is vacated." Other than this, the defendant did not say anything during the hearing.

The defendant completed his original eight-year sentence of probation on May 26, 2013, and his ten-year prison sentence on September 15, 2014. On November 3, 2015, the Commonwealth filed

a "Motion to Correct and Clarify the Sentence."[3]  On December 9, 2015, a different Superior Court judge (the plea judge having retired), conducted a hearing on the Commonwealth's motion and then allowed it, imposing a term of eight years of probation "to run from and after the committed sentence[es]" that had been imposed at the defendant's initial sentencing.  The motion judge did so because she determined that, in 2008, the sentencing judge both had vacated the imposition of CPSL and had resentenced the defendant, modifying the eight-year sentence of probation from a concurrent to a consecutive term.  The defendant appealed, and we allowed his petition for direct appellate review.

2.  Discussion.  In 2005, this court concluded that first-time sex offenders could not be sentenced to CPSL, because the statutory guidelines for sentencing such offenders to CPSL were unconstitutionally vague.  See Pagan, 445 Mass. at 162.  Consequently, any first-time sex offender who was sentenced to CPSL is entitled to have the CPSL portion of the sentence vacated.[4]  See id. at 169-173;  Commonwealth v. Cumming, 466 Mass. 467, 469 (2013), citing Pagan, supra at 161.  Where CPSL

---

[3] The defendant remained in custody after the completion of his prison sentence because of the previously imposed sentence on an unrelated case.

[4] In 2014, we determined that imposition of community parole supervision for life is unconstitutional.  See Commonwealth v. Cole, 468 Mass. 294, 295 (2014).

is vacated, and a defendant is still serving the original sentence, a judge may choose to resentence the defendant and "restructure the over-all sentence to provide a lengthy period of probation supervision in place of parole supervision that would have been provided with CPSL," "provided that the total length of incarceration imposed on the defendant for that conviction is not increased." Commonwealth v. Sallop, 472 Mass. 568, 569, 570 (2015).

The requirement that the over-all length of the sentence may not be increased arises as a result of the protection against double jeopardy. See id.; Cumming, 466 Mass. at 473-474. A judge may not restructure the sentence in a way that "increase[s] the aggregate punishment imposed under the original sentence" (quotations omitted). Sallop, supra. See Cumming, supra. In Sallop, supra at 571-572, for instance, we determined that a defendant whose sentence of CPSL had been vacated properly could be resentenced to a shorter term of incarceration, with ten years of probation to be served consecutively. If the defendant violated a condition of probation, however, the defendant could be sentenced to a period of incarceration of no longer than two years, in order to avoid unlawfully increasing the aggregate punishment beyond the initial ten-year period of incarceration. Id. at 569, 572. See Commonwealth v. Parrillo, 468 Mass. 318, 321 (2014) (double

jeopardy considerations prohibit resentencing defendant to any additional period of incarceration or probation if, at time of resentencing, defendant has served entire sentence other than CPSL component); Cumming, supra (defendant who violated term of probation could not be required to serve more than initial ten-year sentence).[5]

In this case, the parties dispute the effect of the judge's 2008 order, issued at the hearing on the defendant's motion to vacate CPSL, and whether the order was, indeed, a resentencing. The Commonwealth contends that the sentencing judge vacated the CPSL portion of the sentence and implicitly resentenced the defendant to an consecutive eight-year term of probation. The defendant maintains that the sentencing judge merely vacated the imposition of CPSL, and that, accordingly, there was no error in the absence of counsel at the proceedings. The defendant argues further that, had the judge intended to resentence him at that point, any attempt at resentencing was

---

[5] Here, the defendant initially was sentenced to ten years of incarceration on the rape charges, with eight years of concurrent probation on the charge of kidnapping. The offense of rape of a child by force permits a maximum sentence of up to life in prison, see G. L. c. 265, § 22A, and the maximum term of incarceration for the offense of kidnapping (without extortion) is ten years. See G. L. c. 265, § 26. Therefore, under the terms of the 2015 sentence, were the defendant to have violated the terms of probation, he could have been subject to an additional term of ten years' imprisonment, which the court could have imposed consecutively to any prison sentence the defendant was then serving.

structural error, because the judge did not comply with the due process requirements for resentencing. Both sides agree that, if the defendant was not resentenced at the 2008 hearing, the motion judge could not permissibly have allowed the Commonwealth's motion to "clarify the sentence" in 2015, after the defendant had served both the committed portion of the sentence and the eight-year term of probation.

In considering whether the resentencing in 2015 was in violation of the protections against double jeopardy, we turn first to the sentencing judge's actions at the 2008 hearing on the defendant's motion to vacate.

Where there is a direct conflict between an oral pronouncement of a sentence and the written judgment and commitment, "the oral pronouncement, as correctly reported, must control. The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." United States v. Hicks, 997 F.2d 594, 597 (9th Cir. 1993), quoting United States v. Munoz-Dela Rosa, 495 F.2d 253, 256 (9th Cir. 1974).

When the parties appeared before the sentencing judge in July, 2008, on the defendant's pro se motion to vacate CPSL, the Commonwealth did not move for resentencing, and did not provide the defendant with notice of that possibility. See Commonwealth v. Cole, 468 Mass. 294, 311 (2014) ("resentencing need only

occur where the Commonwealth moves for resentencing; in the absence of such a motion, a judge would simply allow the defendant's motion to vacate the CPSL sentence and leave the remainder of the sentence unchanged"). The pro se defendant was not asked if he wanted counsel, nor if he waived his right to counsel. He also was not asked if he wished to introduce any evidence in mitigation before any new sentence was pronounced.

Nor was the defendant provided notice of any change in his sentence other than the statement by the prosecutor, "we're just adding the conditions now, in lieu of the lifetime community parole, of stay away from the victim, the victim's family, and any child under the age of [sixteen]"; the statement by the clerk that "all conditions that are imposed on May [26, 2005,] stand, except the lifetime community parole is revoked"; and the response by the judge to the defendant's question, "So the earlier parole --" that "Yes. The parole is vacated." After stating that all previously imposed conditions stood except for CPSL, the clerk restated the "special conditions" imposed at the hearing, and then added, "plus the [c]ourt orders that you be -- you wear the GPS system, and the fee for the GPS system is waived until you become gainfully employed." If indeed the judge meant by these rulings that the defendant's sentence had been increased by a period of eight years of probation, these statements were not calculated to inform the defendant of that

order, particularly given that he previously had been subject to GPS monitoring as one of the conditions of CPSL.

On the other hand, it is clear from the transcript of the hearing on the motion to vacate that the judge did not immediately recall the sentence she had imposed in 2005, asking the prosecutor, for instance, whether the committed sentence had been for ten and one-half years. When the prosecutor later stated, "I would just note also for the record that I do see in the docket sheet a condition that upon the defendant's release he is also to submit to sex offender evaluation and any treatment that is recommended as a result of that sex offender evaluation," the judge stated, "For the record any condition that was imposed at that time will remain." Thus, it may well be, as the defendant contends, that the judge did not appoint counsel because she had no intention of restructuring the sentence, something that the Commonwealth had not requested, and did not in fact intend any change in the concurrent probationary period.

Moreover, at the hearing in December, 2015, on the Commonwealth's November, 2015, motion to clarify the defendant's sentence,[6] the Commonwealth misinterpreted the sentencing judge's statements at the plea colloquy in 2005. The prosecutor argued

---

[6] At that point, the defendant was scheduled to be released from custody in January, 2016.

that the sentencing judge plainly had intended that the defendant be subject to ongoing treatment after release. She stated that the sentencing judge had imposed the probationary condition of completion of sex offender treatment while the defendant was incarcerated because of safety concerns that the defendant would pose upon being released.

The transcript of the 2005 plea colloquy makes clear, however, that the sentencing judge ordered the defendant to attend sex offender treatment as a condition of probation, to be imposed while the defendant was incarcerated, at the Commonwealth's urging. The parties, the judge, and the session clerk discussed in some detail how the sentence could be structured such that the defendant would be required to, as the Commonwealth requested, "submit to a [s]ex [o]ffender [t]reatment [p]rogram while he is incarcerated" or, in the judge's phrasing, "take advantage of sex offender treatment if available in any place he's incarcerated" and "for whatever length of time he's in [S]tate prison." The judge explicitly declined the defendant's counsel's suggestion that a requirement of completion of the sex offender treatment program be imposed as a condition of probation on one of the charges with a shorter period of incarceration -- such as assault and battery -- rather than sentencing the defendant to probation on the rape charge, which carries a maximum sentence of life in prison, as a means

of deterring a repeat offense.  The judge noted that the real incentive to complete such a program, if an incarcerated defendant chose to do so, was in an effort to avoid possible future civil commitment as a sexually dangerous person.

The Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights guarantee a criminal defendant the right to counsel at all "critical" stages of a criminal prosecution.  See Commonwealth v. Neary-French, 475 Mass. 167, 170-171 (2016), and cases cited.  It is well established that sentencing is a critical stage at which there is a right to counsel.  See Osborne v. Commonwealth, 378 Mass. 104, 114 (1979); Mass R. Crim. P. 28 (b), 378 Mass. 898 (1979). "[T]he necessity for the aid of counsel in marshalling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentencing is apparent."  Osborne, supra, quoting Mempa v. Rhay, 389 U.S. 128, 135 (1967).  A defendant who is deprived of the assistance of counsel at sentencing has a right to have the sentence vacated and to be resentenced after a hearing at which the defendant and defense counsel are present.  See McConnell v. Rhay, 393 U.S. 2, 3 (1968); Osborne, supra, at 114-115.

The Commonwealth argues that the defendant did not have the right to counsel at the July, 2008, hearing, because his motion to vacate CPSL was a motion for postconviction relief.  See

Parker v. Commonwealth, 448 Mass. 1021, 1023 (2007). The Commonwealth claimed also before the motion judge, as it does before us, that in July, 2008, the sentencing judge "restructured" the defendant's 2005 sentence, arguing, "it is clear from the record that the intent of [the sentencing judge] was to add the additional conditions of probation for the defendant upon release from probation."

The defendant maintains that, in July, 2008, the sentencing judge did not resentence him to a consecutive term of probation from and after his committed sentence. The defendant argues, in the alternative, that if the sentencing judge indeed resentenced him to a consecutive term of probation of eight years from and after his committed sentence, she did not provide him with notice of the resentencing hearing or a meaningful opportunity to be heard.

While, in many postconviction proceedings, a judge has discretion to decide whether to assign counsel to represent a defendant, see Parker, 448 Mass. at 1023; Mass. R. Crim. P. 30 (c) (5), as appearing in 435 Mass. 1501 (2001), there is no such discretion at a hearing on a motion for resentencing, where a judge is required to appoint counsel to represent an indigent defendant. Further, whether acting pro se or through an attorney, a defendant has a right to be present at sentencing (or resentencing) and to present information in an effort to

mitigate the sentence. <u>Green</u> v. <u>United States</u>, 365 U.S. 301, 304 (1961). <u>Commonwealth</u> v. <u>Williamson</u>, 462 Mass. 676, 685 (2012). See <u>Commonwealth</u> v. <u>Jones</u>, 14 Mass. App. Ct. 991, 991 (1982), quoting Mass. R. Crim. P. 28 (b) (either defendant or defendant's attorney must be allowed to be heard at sentencing). Where a defendant is not afforded the right to be heard at sentencing, the defendant is entitled to seek resentencing. <u>Commonwealth</u> v. <u>Whitford</u>, 16 Mass. App. Ct. 448, 455 (1983), citing <u>Katz</u> v. <u>Commonwealth</u>, 379 Mass. 305, 315-316 (1979).

Similarly, although there is no per se requirement that a judge or clerk announce all components of a defendant's sentence in open court in order for the sentence to be effective, a defendant must have notice of its terms at the time the sentence is imposed. See <u>Williamson</u>, 462 Mass. at 685; <u>Commonwealth</u> v. <u>Power</u>, 420 Mass. 410, 421 (1995), cert. denied, 516 U.S. 1042 (1996).

> "'A criminal defendant has the right to be present at his own sentencing.' <u>United States</u> v. <u>Vega-Ortiz</u>, 425 F.3d 20, 22 (1st Cir. 2005). Consistent with this right, the oral pronouncement of a sentence generally controls over the written expression where there exists a 'material conflict' between the two. <u>United States</u> v. <u>Ortiz-Torres</u>, 449 F.3d 61, 74 (1st Cir. [2006]) . . . . However, 'no material conflict exists where the defendant is on notice that he is subject to the terms included in the written judgment.' <u>Id</u>."

<u>Williamson</u>, <u>supra</u>. See <u>Commonwealth</u> v. <u>MacDonald</u>, 435 Mass. 1005, 1006 (2001). Any ambiguity in the terms of probation will

be construed in favor of the defendant. <u>Commonwealth</u> v. <u>Ruiz</u>, 453 Mass. 474, 481-482 (2009).

Here, at the hearing on the defendant's motion to vacate CPSL, the judge ordered that "1) The original sentence on [May 26, 2005,] stands except the lifetime community parole was vacated. 2) Additional special conditions of probation: a) No contact with the victim or her family[;] b) No contact with children under sixteen years of age[;] c) GPS upon release on probation[;] d) GPS fee is waived."

We need not engage in the speculation that both parties urge concerning the sentencing judge's intent when she allowed the defendant's motion to vacate CPSL. As the defendant concedes, because his sentence had not been completed at that point, the judge permissibly could have restructured it, albeit not in such a way so as to increase the over-all scheme of punishment. See <u>Sallop</u>, 472 Mass. at 570-572. Nothing in our review of the transcripts indicates that the judge stated an intention to impose an additional eight-year term of probation. It is also clear that the unrepresented defendant was not provided notice, and was not provided an opportunity to present any evidence in mitigation. If the judge intended to restructure the defendant's sentence, and did so without counsel present and without the defendant's waiver of counsel, that would have been structural error requiring resentencing. See

Osborne, 378 Mass. at 114, quoting Mempa v. Rhay, 389 U.S. at 135; Commonwealth v. Brennick, 14 Mass. App. Ct. 952, 953 (1982), and cases cited.  At this stage, however, it would be impossible to discern what the now-retired judge would have intended had she not been under a misapprehension concerning the terms of the sentence she previously had imposed.

Moreover, the defendant had completed both his term of probation and his term of incarceration well before the Commonwealth's November, 2015, motion to "clarify" the defendant's sentence.  Thus, any attempt in 2015 to require an additional term of probation would have been in violation of the prohibitions against double jeopardy.  "[T]he constitutional guarantee against double jeopardy protects a defendant not only against a second prosecution for the same offense after acquittal or conviction but also against multiple punishments for the same offense" (quotations and citation omitted). Commonwealth v. Goodwin, 458 Mass. 11, 19 (2010).  For this reason, a defendant cannot be resentenced for the same offense after completion of the original sentence.  Id. at 19-20.

In this case, because the defendant's sentence was not restructured in July, 2008, whatever the judge's intent at that hearing, the defendant's eight-year sentence of probation, which began in May, 2005, terminated in 2013.  The defendant's ten-year sentence of incarceration, also begun in May, 2005,

terminated in 2014.[7]  Therefore, because all parts of the defendant's sentence had been completed at the time of the November, 2015, motion, at that point the sentence could not have been modified in any way.  Id.

3.  Conclusion.  The order allowing the Commonwealth's motion to correct and clarify the sentence is vacated and set aside.  The matter is remanded to the Superior Court for entry of an order dismissing the motion as moot, on the ground that the defendant's sentence had been completed before the motion was filed.

So ordered.

---

[7] The defendant received credit for the time he was held in pretrial detention, beginning in 2004.