NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1467

COMMONWEALTH

vs.

PATRICK R. VINCENT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the District Court, the defendant, Patrick Vincent, was convicted of operating a motor vehicle under the influence of liquor (OUI), third offense, in violation of G. L. c. 90, § 24 (1) (a) (1).  On appeal, the defendant argues (1) that the evidence was insufficient to charge and convict him of the underlying offense, and (2) that the subsequent offender conviction should be vacated because the judge conducted an inadequate plea colloquy.  We affirm the conviction of OUI and vacate the guilty finding on the subsequent offense portion of the charge.

Background.  1.  Underlying offense.  Because the defendant challenges the sufficiency of the evidence, we summarize the

facts in the light most favorable to the Commonwealth, reserving some details for our discussion of the sufficiency of the evidence.  Commonwealth v. Lopez, 484 Mass. 211, 211 (2020).  At approximately 8:00 P.M. on February 6, 2021, the defendant was driving a pickup truck on Brook Lane, a street located in the Mountain Grove Association (Mountain Grove) in Becket, when the truck skidded off the road, hit a fence, and became stuck in a snowbank near his home.  A witness saw the defendant's truck come around a corner at a "higher than normal rate of speed," before it went off the road.

A police officer arrived and observed the defendant's truck stuck in the snowbank, partially blocking the roadway.  The officer looked inside the truck and saw an "empty little bottle of Fireball Whisky" on the passenger's side floor, and "a Twisted Tea and a Truly" on the rear floorboard.  After briefly speaking to the neighbor and visitor, the officer walked to the defendant's home, where he saw the defendant sitting in his kitchen next to the front door.  No one else was present at the defendant's residence.  The officer asked the defendant why his truck was partially blocking the road, to which the defendant responded that "that corner gives me trouble" and that "his son was going to come and tow it out."  When the officer asked where he was driving from, the defendant replied that he was returning from grocery shopping in Lee.  The officer testified that the

2

defendant "appeared intoxicated" -- the defendant's pants' fly was unzipped, he was slurring his words, he had "bloodshot and glossy" eyes, and the officer smelled a "heavy" odor of alcohol while the defendant spoke.  The defendant stated that he had consumed "a couple beers."  At that point, the officer asked the defendant to perform the one-leg stand test and he was instructed to stand on one leg for thirty seconds.  The defendant could not perform the test satisfactorily, and after putting his foot down, said to the officer, "just take me in."[1] The officer gave the defendant an additional opportunity to perform the test but he was only able to lift his foot very briefly at which point the defendant stated, "I'm not doing it." The officer placed the defendant under arrest.

---

[1] The defendant argues that his statements during the field sobriety tests constituted inadmissible refusal evidence under art. 12 of the Massachusetts Declaration of Rights.  Because the defendant did not object to the testimony at trial, we review for error and, if established, determine whether the error created a substantial risk of a miscarriage of justice such that "we have a serious doubt whether the result of the trial might have been different had the error not been made [quotation omitted]."  Commonwealth v. Dirgo, 474 Mass. 1012, 1016 (2016). Here, where the defendant made the statements during an attempt and failure to complete the field sobriety tests, we perceive his statements as expressions of his inability to complete the tests, rather than expressions of unwillingness.  We therefore conclude that the judge did not err in admitting the testimony. See Commonwealth v. Brown, 83 Mass. App. Ct. 772, 772-773 (2013).

3

The Commonwealth presented evidence related to the characteristics of, and the public's access to, Brook Lane. To reach Brook Lane, one must travel on Route 8 in Becket into Mountain Grove. There are six points of entry from Route 8 to Mountain Grove, none of which are gated. Additionally, Brook Lane and the surrounding roads in Mountain Grove contain telephone poles, speed-limit signs, signs cautioning drivers of the presence of children, and a sign indicating where different members of the association live.

Brook Lane is maintained by the Mountain Grove Association, a nonprofit association of residents of Brook Lane and its surrounding roads. Members pay annual fees for trash services and beach rights. Members of the public can also pay an annual fee to use the Mountain Grove clubhouse. There is a single no trespassing sign in Mountain Grove located near the parking lot to the club. The defendant's neighbor testified that despite having lived on Brook Lane for thirty years, she was not aware of any "no trespass" or "private property" signs located on Brook Lane. Similarly, the officer testified that, despite awareness of the no trespassing sign, he would not arrest a nonresident for driving within the association.

At the close of the Commonwealth's evidence, the defendant moved for a required finding of not guilty, arguing that Brook Lane was not a public way. The motion was denied. The

4

defendant rested without calling any witnesses or presenting any evidence.  The judge concluded that there was sufficient evidence to prove the essential elements of the crime charged, including that the defendant operated his vehicle on a public way prior to entering Mountain Grove, and the defendant was convicted of OUI.[2]

2.  <u>Subsequent offender proceeding</u>.  Following the judge's verdict, the defendant moved for a separate trial on the subsequent offender portion of the complaint.  After consulting his client, defense counsel stated to the judge that the defendant "just [wanted to] be under sentence."  Defense counsel further stated that he

---

[2] The defendant moved to dismiss the complaint, arguing that the police report attached to the complaint application failed to establish probable cause that the defendant operated the vehicle on a public way.  After a hearing, the clerk-magistrate denied the defendant's motion.  The defendant asserts that the clerk-magistrate erred in denying the defendant's motion to dismiss, arguing that the application was insufficient to show probable cause that the offense occurred on a public way.  After reviewing the application in the light most favorable to the Commonwealth, and drawing all reasonable inferences in the Commonwealth's favor, we conclude that the complaint contained "reasonably trustworthy information sufficient to warrant a reasonable or prudent person in believing that the defendant has committed the offense [quotation omitted]."  <u>Commonwealth</u> v. <u>Humberto H</u>., 466 Mass. 562, 565 (2013).  See <u>Commonwealth</u> v. <u>Geordi G</u>., 94 Mass. App. Ct. 82, 85 (2018).  The police report, attached to the complaint, contains the defendant's statement that he had traveled from Lee to Brook Lane, and thus there was sufficient circumstantial evidence to find probable cause that the defendant operated the vehicle on a public way.  See <u>Humberto H</u>., <u>supra</u> at 566.

5

"underst[ood] that [the defendant] would have to basically admit he was the same person convicted of two prior offenses. . . . I don't think that's going to be an issue . . . [i]t deals with . . . the jury waiver and all that other stuff. But if we could go unagreed as to sentencing, I think that we're prepared to just try to move forward today."

The judge then asked the defendant the following: whether the defendant understood (1) that he was entitled to a separate trial on the subsequent offense, (2) that if he elected a jury trial, the jury would have to be unanimous in their verdict and would have to find that he was the same person who committed two prior offenses for operation under the influence, and (3) that the defendant was, in fact, waiving his right to a jury trial freely and voluntarily. The defendant answered "yes" to all of the questions.

The judge then asked to "hear" some evidence from the Commonwealth regarding whether the underlying conviction was the defendant's third conviction. The Commonwealth handed the judge certified copies of two convictions and the defendant's Registry of Motor Vehicles (RMV) records without objection by the defendant, to which the judge stated, "[w]e'll take them and put them in the file." The judge then immediately asked for the parties' recommendations for sentencing. The judge stated that he found "sufficient factual basis" for the allegation that the underlying conviction was the defendant's third offense and adopted the defendant's sentencing recommendation.

6

Discussion. 1. Standard of review. "[W]e consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713 (2014). To sustain a conviction for OUI, the Commonwealth must prove that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while impaired by the influence of intoxicating liquor. Commonwealth v. AdonSoto, 475 Mass. 497, 509 (2016). Because, on appeal, the defendant does not challenge the evidence that he was impaired or that he operated a motor vehicle, we address only the element that the offense occurred on a public way.

2. Sufficiency of public way evidence. To satisfy the public way element, the Commonwealth must prove that the offense took place "upon any way or in any place to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees." G. L. c. 90, § 24 (1) (a) (1). In determining whether a way meets the definition of a public way, the question is whether

7

"members of the public may reasonably conclude that it is open for travel to invitees or licensees [quotation omitted]." Commonwealth v. Wurtzberger, 104 Mass. App. Ct. 558, 564 (2024), S.C., 496 Mass. 203 (2025). "We look to the characteristics of the way to determine if there is sufficient 'indicia of accessibility to the public' by motor vehicle." Id., quoting Commonwealth v. Belliveau, 76 Mass. App. Ct. 830, 832-833 (2010). "Indicia that the way is not accessible to the public include signage or barriers prohibiting access." Belliveau, supra at 833.

The defendant argues that, given the Mountain Grove Association's maintenance and purported control over the public's access to Brook Lane, there was insufficient evidence to find that Brook Lane was a public way. We disagree. First, Brook Lane and its surrounding roads contain several "indicia of accessibility to the public by motor vehicle," Wurtzberger, 104 Mass. App. Ct. at 564 (quotation omitted), including speed-limit signs, "careful of children" signs, and a sign informing in which direction residents in the neighborhood live. See Belliveau, 76 Mass. App. Ct. at 832-833. Second, although there was a single "no-trespassing" sign affixed near the association's clubhouse, both the neighbor's and officer's testimony suggest that members of the public would reasonably believe they have access to Brook Lane. See Wurtzberger, supra.

8

See also Commonwealth v. Kiss, 59 Mass. App. Ct. 247, 249-250 (2003) ("[i]t is the objective appearance of the way that is determinative of its status, rather than the subjective intent of the property owner").  Moreover, the association permits the public to pay a fee and visit the association clubhouse.  Thus, we conclude that, in the light most favorable to the Commonwealth, there was sufficient evidence for the judge to find that Brook Lane was a public way.

In any event, there was also sufficient evidence that Route 8 constitutes a public way, and that the defendant traveled thereon.  As noted above, Brook Lane is only accessible by traveling on Route 8.  The Commonwealth introduced photos that showed Route 8 to be paved and lined with streetlights, street signs, and telephone poles -- all "indicia of accessibility to the public by motor vehicle."  Wurtzberger, 104 Mass. App. Ct. at 564 (quotation omitted).  See Belliveau, 76 Mass. App. Ct. at 832-833.  Furthermore, the defendant's statement to the officer that he had been grocery shopping in Lee leads to the reasonable inference that the defendant operated his truck on Route 8 before becoming stuck in the snowbank.  It was therefore reasonable for the judge to conclude, as he did, that Route 8 was a public way, and that the defendant had been impaired while driving on it.  Accordingly, we affirm the conviction as to OUI.

9

3. _Plea colloquy_. Mass. R. Crim. P. 12 (c) (3) (A) (i), as amended, 489 Mass. 1501 (2022), states that, upon a defendant's guilty plea, the judge shall inform the defendant that, among other things, they are waiving "the right to trial with or without a jury, the right to confrontation of witnesses, the right to be presumed innocent until proved guilty beyond a reasonable doubt, and the privilege against self-incrimination." On appeal, the defendant asserts that defense counsel's statement that the defendant wanted "to just be under sentence" constituted acquiescence to taking a guilty plea, but that the judge's subsequent questioning of the defendant was an inadequate plea colloquy. The defendant therefore contends that the finding as to the portion of the complaint alleging subsequent offenses should be vacated.[3]

Given the atypical course of the proceedings after the judge found the defendant guilty of the underlying offense, we must first determine whether the proceedings constituted a guilty plea, or, as posited by the Commonwealth, a separate

---

[3] We note that, under ordinary circumstances, the appropriate avenue to challenge the adequacy of a plea -- that is, whether the plea was voluntary, knowing, and made with sufficient awareness of the relevant circumstances and with the advice of competent counsel, see _Brady_ v. _United States_, 397 U.S. 742, 748, 758 (1970); _Commonwealth_ v. _Roberts_, 472 Mass. 355, 362 (2015) -- is through a motion to withdraw a guilty plea or a motion for new trial filed in the trial court.

trial.  Here, following defense counsel's statement that the defendant wanted "to just be under sentence," the judge asked the defendant whether he understood that he had a right to a trial regarding the subsequent offense charges, and, thereafter, whether he was waiving this right.  The Commonwealth offered certified copies of the defendant's RMV records as anticipated evidence as to the defendant's prior convictions.  The judge then, without giving the defendant an opportunity to present evidence, call witnesses, or present a closing argument, heard arguments from both parties regarding sentencing recommendations, before stating that he found "sufficient factual basis" for the allegation that the underlying conviction was the defendant's third offense.  Based on the record, and the lack of indicia of a trial, we conclude that a trial did not occur.  Rather, as supported by the trial court docket entry on September 20, 2021, which states that the defendant was "[waiving] his rights to trial for proving [two] prior convictions," we conclude that the defendant pleaded guilty to the subsequent offenses portion of the complaint.  See Commonwealth v. MacDonald, 435 Mass. 1005, 1007 (2001) ("Docket entries are prima facie evidence of the facts recorded therein").

11

Having determined that the proceedings constituted a guilty plea, we also conclude, and the Commonwealth concedes,[4] that the judge conducted an inadequate plea colloquy. As noted above, Mass. R. Crim. P. 12 (c) (3) (A) (i), requires a judge taking a plea from a defendant to inform the defendant of certain rights, including that they are waiving the right to confrontation of witnesses, the right to be presumed innocent until proved guilty beyond a reasonable doubt, and the privilege against self-incrimination. Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 55 (2006) (failure to conduct plea colloquy despite defense counsel's stipulation to prior offense was error).

Here, the judge did not inform the defendant that he was waiving those rights and, thus, the plea colloquy was deficient. In addition, the judge did not ask the defendant whether the facts, as stated by the prosecutor, were true. In other words, the defendant never admitted that he was guilty of the subsequent offender portion of the offense.

We therefore vacate the subsequent offense portion of the conviction. So much of the judgment as found the defendant guilty of the underlying offense of operating a motor vehicle while under the influence of liquor shall stand. The Commonwealth may, at its discretion, pursue such further

---

[4] The panel notes and appreciates the Commonwealth's candor.

12

proceedings with respect to the subsequent offense portion of the charge as are consistent with this memorandum and order.

So ordered.

By the Court (Neyman, D'Angelo & Allen, JJ.[5]),

Clerk

Entered:  January 16, 2026.

---

[5] The panelists are listed in order of seniority.